Gene Anderson DUBOIS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–89–516–CR, 13–89–517–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 31, 1990.

Gilberto E. Rosas, Brownsville, for appellant.

Ben Euresti, Jr., Luis V. Saenz, County Criminal Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and KEYS and DORSEY, JJ.

ORDER

KEYS, Justice.

Appellant was convicted of aggravated robbery and unauthorized use of a motor vehicle. Appellant's counsel filed an "Anders" brief in which he concluded that no

reversible error occurred. Appellant then filed a pro se brief in which he alleged, among other matters, that his conviction for both offenses violated the Double Jeopardy provisions of the State and Federal Constitutions.

Upon reviewing appellant's contentions, we find that appellant has raised an arguable claim in his pro se brief. *See Pierson v. State,* 689 S.W.2d 481 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). Under such circumstances, appellant must be accorded the right to have new counsel brief the points which arguably have merit. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 351–352, 102 L.Ed.2d 300 (1988). Accordingly, we withdraw the cases from submission, abate the appeals, and order the trial court to appoint new counsel to represent appellant. Counsel's brief will be due 30 days after the trial court makes the appointment. The State's brief will be due 30 days after appellant's brief is filed. This Court will then reschedule the cases for submission.

Appellant and his companions assaulted a motorist, taking the motorist's wallet and car. Appellant was indicted for aggravated robbery and for unauthorized use of a motor vehicle. The indictment for aggravated robbery alleged that the assaultive conduct occurred while appellant was "in the course of committing theft." The trial court's charge did not forbid the jury from using the same evidence to establish the aggravated robbery and the unauthorized use offense. Moreover, the State's closing argument indicated that the jury could find appellant guilty of both offenses based on theft of the vehicle.

In briefing the double jeopardy issue, the parties should brief the following questions:

1) Under the facts of this case, is unauthorized use of a motor vehicle a lesser included offense of aggravated robbery, under Texas law? *See Campbell v. State,* 571 S.W.2d 161, 161–162 (Tex.Crim.App. 1978); Tex.Code Crim.Proc.Ann. art. 37.09 (Vernon 1989).

2) Are unauthorized use of a motor vehicle and aggravated robbery the "same"

offense under *Blockburger? See Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Sanders v. State,* 664 S.W.2d 705, 710 n. 7 (Tex.Crim. App.1982).

3) If the two offenses are the same, may appellant be punished for both offenses. *See Ex parte Herron,* 790 S.W.2d 623 (Tex. Crim.App.1990).

The appeals are withdrawn from submission and abated. The trial court is ordered to appoint new counsel to represent appellant and to forward a copy of its order appointing new counsel to this Court instanter.