Ex parte Raymond **GARZA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–90–339–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 7, 1991.

Discretionary Review Refused
April 24, 1991.

Sam R. Fugate, Kingsville, for appellant.

Grant Jones, James D. Rosenkild, Corpus Christi, and David M. Jordan, Kingsville, for appellee.

Before NYE, C.J., and SEERDEN and HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

Appellant, Raymond Garza, appeals from an order denying relief on a petition for writ of habeas corpus. By a single point of error, appellant complains that the trial court erred in dismissing his petition because jeopardy precludes prosecution under the second indictment. We disagree and affirm the trial court's order denying relief.

On November 2, 1988, the State filed a "PETITION FOR DISCRETIONARY TRANSFER TO ADULT CRIMINAL COURT" in the juvenile court. The State alleged that appellant was a sixteen-year-old child, and that on or about September 24, 1988, he intentionally caused the death of Juan Santana. On November 14, 1988, the juvenile court waived its jurisdiction and transferred the case to district court. On November 17, 1988, the grand jury indicted appellant for murder.

On February 14, 1989, the district court issued an order indicating that on February 13, 1989, the case proceeded to trial and that a jury was selected and sworn. The order stated, however, that since there was no order pursuant to Section 54.02(h) of the Texas Family Code requiring a referral of the case to the grand jury with or without an examining trial, the district court had no jurisdiction over appellant. The district court declared a mistrial and dismissed the indictment.

On June 25, 1990, the State filed in the juvenile court a "FIRST AMENDED ORIGINAL PETITION FOR WAIVER OF JURISDICTION AND DISCRETIONARY TRANSFER TO ADULT CRIMINAL DIS-TRICT COURT." The juvenile court waived its jurisdiction and transferred the case to district court. On July 11, 1990, the district court determined that "there is no good cause for an examining trial" and referred the case to the grand jury. On July 12, 1990, the grand jury returned an indictment containing the same allegations as the first indictment.

On August 30, 1990, appellant filed in district court his "PETITION FOR WRIT OF HABEAS CORPUS." In his petition, appellant asserted that the pending felony indictment constituted a violation of his federal and state constitutional and state statutory rights to be free from being placed twice in jeopardy for the same offense. Appellant requested that the indictment be dismissed.

The district court held a hearing on appellant's petition. Appellant's attorney, the Honorable Sam R. Fugate, testified that at the prior trial, a jury was selected and sworn. Afterwards, the district court determined that a procedural mistake occurred in appellant's certification process. The district court dismissed the case on its own motion. After hearing this evidence and argument from both sides, the district court dismissed appellant's petition and denied any relief requested therein.

By his sole point of error, appellant complains that the district court erred in dismissing his petition. He contends that jeopardy attached when the jury was empaneled and sworn; therefore, the pending second indictment is a violation of his constitutional and statutory rights against twice placing a person in jeopardy for the same offense.

The constitutional prohibition against double jeopardy is designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. *Green v. United States*, 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957). The underlying principle is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense thereby subjecting him to embarrassment, expense

and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent, he may at some time be found guilty. *Benton v. Maryland*, 395 U.S. 784, 795–96, 89 S.Ct. 2056, 2062–64, 23 L.Ed.2d 707 (1969). When, as in the instant case, a mistrial has been declared, the defendant's "valued right to have his trial completed by a particular tribunal" is also implicated. *United States v. Dinitz*, 424 U.S. 600, 606, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267 (1976).

In a jury-tried case, jeopardy attaches when the jury is empaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 36, 98 S.Ct. 2156, 2161, 57 L.Ed.2d 24 (1978); *Torres v. State*, 614 S.W.2d 436, 441 (Tex.Crim.App. 1981); *Diaz v. State*, 638 S.W.2d 71, 72 (Tex.App.—Corpus Christi 1982, no pet.). The double jeopardy clause, however, is not an absolute bar to reprosecution once the jury has been empaneled and sworn. *United States v. Bauman*, 887 F.2d 546, 549 (5th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1128, 107 L.Ed.2d 1034 (1990). When a mistrial has been declared without the defendant's consent, he or she can be retried if there existed a "manifest necessity" for the mistrial. *Harrison v. State*, 767 S.W.2d 803, 806 (Tex.Crim.App.1989). The "manifest necessity" exception protects a defendant's interests in having his or her case finally decided by the jury which originally heard the matter by ensuring that the mistrial was indeed required, while also protecting society's interest in obtaining just results by allowing retrial of a defendant where a declaration of mistrial was necessary. *Oregon v. Kennedy*, 456 U.S. 667, 672, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416 (1982); *Harrison*, 767 S.W.2d at 806. When the defendant consents to a mistrial, the "manifest necessity" doctrine does not come into play and as a general rule retrial is permitted because the defendant has elected to terminate the proceeding and begin anew. *Kennedy*, 456 U.S. at 672, 102 S.Ct. at 2087;[1] *United States v.*

*Tateo*, 377 U.S. 463, 467, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964); *United States v. Mitchell*, 736 F.2d 1299, 1300 (9th Cir. 1984), *cert. denied*, 474 U.S. 830, 106 S.Ct. 94, 88 L.Ed.2d 77 (1985); *Harrison*, 767 S.W.2d at 806. Consent need not be express, but may be implied from the totality of the circumstances attendant to the declaration of mistrial. *Harrison*, 767 S.W.2d at 806.

A federal appeals court has discussed how jeopardy relates to a *sua sponte* mistrial declaration in *United States v. Puleo*, 817 F.2d 702 (11th Cir.1987), *cert. denied*, 484 U.S. 978, 108 S.Ct. 491, 98 L.Ed.2d 489 (1987). In *Puleo*, the trial court *sua sponte* declared a mistrial. *Puleo*, 817 F.2d at 703. Counsel had an opportunity to object but did not. *Puleo*, 817 F.2d at 705. The court held that Puleo had in effect consented to the mistrial and that jeopardy did not bar a retrial. *Puleo*, 817 F.2d at 705.

In the instant case, appellant, at the habeas corpus hearing, did not introduce into evidence the statement of facts of the proceedings that occurred when the district court declared the mistrial. Although the district court took judicial notice of the prior proceedings, the record here on this appeal does not indicate what occurred at the prior proceeding. Further, counsel's testimony does not indicate whether appellant consented or objected to the district court's declaration of mistrial. The burden of proof in a habeas corpus hearing is on the petitioner. *Ex parte Plumb*, 595 S.W.2d 544, 545 (Tex.Crim.App.1980). We hold that appellant has failed to prove that jeopardy barred his second trial.

The trial court's order denying appellant his requested relief is AFFIRMED.

---

1. The Supreme Court has carved out a narrow exception, however, and held that when governmental conduct, either by judge or by prosecutor, is designed to goad the defendant into moving for a mistrial, the double jeopardy clause will bar reprosecution despite the defendant's consent to the mistrial. *Kennedy*, 456 U.S. at 673, 102 S.Ct. at 2088.