**Osiel Valdez ORTIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–91–607–CR.**

Court of Appeals of Texas,
Corpus Christi.

March 18, 1993.

Manuel M. Vela, Vela & Vela, Harlingen, TX, for appellant.

Luis V. Saenz, County (Crim. Dist.) Atty., John A. Olson, Asst. County Atty., Brownsville, TX, for State.

Before NYE, C.J., and GILBERTO HINOJOSA and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

Appellant was indicted for aggravated robbery. Pursuant to a plea bargain, appellant pled guilty to the lesser included offense of robbery, and the trial court ordered a presentence investigation. Upon further proceedings, the trial court rejected the plea bargain, and appellant withdrew his plea. Later, appellant pled nolo contendere to aggravated robbery, and the trial court assessed punishment at fifty years in prison. Appellant's court-appointed attorney has filed an *Anders* brief in this Court,

concluding that the appeal is wholly frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Appellant has filed a *pro se* brief presenting two points of error. After reviewing the matters raised by appellant *pro se*, we conclude that this appeal·is not wholly frivolous and that appellant must be afforded the assistance of new counsel to continue this appeal. Thus, we will abate the appeal and order the trial court to appoint new counsel to represent appellant.

In *Penson v. Ohio,* [1] the Supreme Court of the United States discussed the responsibilities of an appellate court upon receiving a "frivolous appeal" brief. The Court stated:

> Once the appellate court receives this brief, it must then itself conduct "a full examination of all the proceeding[s] to decide whether the case is wholly frivolous." [citation omitted.] Only after this separate inquiry, and only after the appellate court finds no nonfrivolous issue for appeal, may the court proceed to consider the appeal on the merits and without the assistance of counsel. On the other hand, if the court disagrees with counsel—as the Ohio Court of Appeals did in this case—and concludes that there are nonfrivolous issues for appeal, "it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." [citation omitted.]

*Penson*, 488 U.S. at 84–85, 109 S.Ct. at 352.

In *Penson*, an Ohio Court of Appeals found a number of arguable claims but, after thoroughly reviewing the case, ultimately found no reversible error, except in one count. The State of Ohio argued in the Supreme Court that because the Ohio Court ultimately found no reversible error, except in one count, any error in not affording the defendant the assistance of new counsel was harmless. The Supreme Court disagreed, holding that a defendant is entitled to an attorney-advocate once the reviewing Court determines the appeal is not wholly frivolous. *Id.* 109 S.Ct. at 353–54.

1. 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

■ In *Dubois v. State*,[2] we followed precisely the course of action required by the Supreme Court, and the following year, the Court of Criminal Appeals followed the same procedure in *Stafford v. State*.[3] As the Court of Criminal Appeals stated in *Stafford*, new counsel must be appointed because initial counsel cannot be ordered to argue grounds that he has already determined to be without merit. *Stafford*, 813 S.W.2d at 511.

■ We now turn to the instant case to explain why we find that this appeal is not wholly frivolous. Appellant, in his *pro se* brief, contends that his conviction violates the Jeopardy Clauses of the United States and Texas Constitutions.

Appellant's jeopardy contention is based on the following facts. In May 1989, appellant was indicted with three other men for aggravated robbery. In June 1989, appellant appeared in court with his counsel and two co-defendants. The prosecutor informed the trial court that the defendants were pleading guilty, pursuant to a plea bargain, to the lesser offense of robbery, but the State was making no recommendation on punishment. The trial court admonished the defendants. The defendants pled guilty. The State presented evidence to support the pleas, and the trial court stated that it *accepted* the pleas. Then, the trial court stated:

> The Court is hereby going to accept it [the guilty plea]. Now, I'm not going to be making any decisions today. I'm going to be deferring findings and ordering a presentence investigation report and schedule this matter for further hearing for August the 25th at 9:00 o'clock.

When the Court reconvened for further proceedings after preparation of the presentence report, the trial judge stated that he would not accept "the recommendations that have been made." The judge stated that he would not "enter any findings to the lesser included offense," and further stated:

So I am hereby going to instruct the respective attorneys to withdraw the pleas of guilty in behalf of their clients and set this matter for trial. And if you don't, I will enter it in your behalf.

Appellant, as instructed, requested to withdraw his plea, and the request was granted. Several weeks later, appellant appeared in court to plead nolo contendere to aggravated robbery. The trial court assessed appellant's punishment at fifty years in prison. Under the original plea bargain, the maximum punishment was twenty years in prison.

■ Appellant contends that conviction on his second plea violates the jeopardy provisions of the State and Federal Constitutions. Under the Texas Constitution, jeopardy attaches in a bench trial when the defendant pleads to the indictment. *State v. Torres*, 805 S.W.2d 418, 421 (Tex.Crim. App.1991). Under the Federal Double Jeopardy Clause, jeopardy attaches in a bench trial when the judge begins to receive evidence. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977). In the federal circuits, the general rule is that in a plea bargaining context, jeopardy attaches with acceptance of the guilty plea. *See Fransaw v. Lynaugh*, 810 F.2d 518, 523 (5th Cir.1987). By application of any of these standards, appellant was placed in jeopardy in June when he entered his original guilty plea. The issue becomes whether the second plea proceeding constituted double jeopardy under the State or Federal Constitutions.

■ Generally, prior jeopardy does not constitute a bar to retrial when the defendant consents to a new trial. *Oregon v. Kennedy*, 456 U.S. 667, 672, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416 (1982). In the present case, appellant requested to withdraw his plea.[4] Thus, appellant appears to have consented to a new trial, thereby eliminating any jeopardy bar to the subsequent proceeding.

---

2. 799 S.W.2d 481, 482 (Tex.App.—Corpus Christi 1990, no pet.).

3. 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

4. A "motion to withdraw plea" is functionally indistinguishable from a motion for new trial. *See State v. Evans*, 843 S.W.2d 576 (Tex.Crim. App.1992).

■ An exception, however, exists to the above rule when governmental conduct, either by the judge or the prosecutor, is designed to goad the defendant into moving for a mistrial. Then, the Double jeopardy clause will bar reprosecution despite the defendant's consent to the new trial. *Kennedy,* 456 U.S. at 673, 102 S.Ct. at 2088; *see Ex parte Garza,* 803 S.W.2d 873, 875 (Tex.App.—Corpus Christi 1991, pet. ref'd). Thus, we turn to whether the trial court "goaded" appellant into withdrawing his plea.

In the typical plea bargain case, we would not find that a defendant's request to withdraw a plea in response to a trial judge's rejection of a proposed plea bargain would constitute a "goading" so as to bar subsequent proceedings. The present case, however, is not the typical plea bargain case because the trial court stated in June that it was "accepting" the plea. In *Otero v. State,* we held that a trial court was bound to follow a plea agreement once it informed the defendant that it was accepting the plea bargain.[5] The present case is strikingly similar to *Mayfield v. Giblin,* 795 S.W.2d 852, 856 (Tex.App.—Beaumont 1990, mand. appl. denied). There, the Beaumont Court found no jeopardy violation in a capital murder prosecution when a trial judge "accepted" a defendant's plea to the lesser included offense of murder but then rejected the plea agreement after reviewing a presentence investigation report. The Beaumont Court, however, was sharply divided in the case, with Justice Brookshire writing a lead opinion, Chief Justice Walker writing an opinion concurring only in the result reached by Justice Brookshire, and Justice Burgess dissenting. While the *Mayfield* case is ultimately adverse to appellant's position, the case illustrates that the critical legal issue in appellant's case is not wholly frivolous. Appellant has the right to have counsel brief the issue. We may, of course, like the Ohio Court of Appeals in *Penson,* ultimately conclude that the arguable claim will not result in reversal. Our duty, however, at this point is merely to determine whether the claim is wholly frivolous. We conclude it is not.

■ In point two, appellant *pro se* contends that the trial court erred in including an affirmative finding on his use of a deadly weapon. Such a finding may only be included in the trial court's judgment if the evidence shows that the defendant personally used the deadly weapon. *Travelstead v. State,* 693 S.W.2d 400, 402 (Tex.Crim.App.1985). The State concedes error based upon its review of the evidence supporting the plea.[6] The State's concession further evidences that the appeal is not wholly frivolous.

Having found that the appeal is not wholly frivolous, we withdraw the case from submission, abate the appeal, and order the trial court to appoint new counsel to represent appellant. The trial court is ordered to inform this Court by letter of the date that new counsel is appointed. Counsel's brief will be due 30 days after the trial court makes the appointment. The State's brief will be due 25 days after appellant's brief is filed. This Court will then reschedule the case for submission.

---

**5.** 768 S.W.2d 848, 849 (Tex.App.—Corpus Christi 1989, no pet.).

**6.** Although the State concedes error, we note that the State's exhibits which included the evidence supporting the plea have not been filed in this Court. Appellant designated the exhibits for inclusion in the appellate record, and they should have been filed in this Court. *See Zule v. State,* 820 S.W.2d 801, 801–02 (Tex.Crim.App. 1991). New counsel should take appropriate action to have the State's exhibits forwarded to this Court.