Osiel Valdez ORTIZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–91–607–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 13, 1994.

Rehearing Overruled Nov. 17, 1994.

Osiel Valdez Ortiz, Huntsville, Jose A. Esquivel, Jr., Brownsville, for appellant.

Luis V. Saenz, Dist. & County Atty., John A. Olson, Asst. County & Dist. Atty., Brownsville, for appellee.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

DORSEY, Justice.

This appeal involves the trial judge accepting a plea of guilty pursuant to a plea bargain agreement, but later rejecting the agreement. The principal issue is whether jeopardy attaches, so as to bar a subsequent prosecution, when the judge announces he accepts a plea of guilty pursuant to a plea bargain agreement and later, when punishment is to be assessed, rejects the earlier plea and allows it to be withdrawn. We hold a subsequent prosecution is not barred; however, we reform the judgment on other grounds and, as reformed, affirm.

Appellant pled *nolo contendere* to aggravated robbery, and the trial court assessed his punishment at fifty years in prison. Appellant contends that his conviction violates the Double Jeopardy provisions of the federal and State constitutions, that the trial court erred in refusing to follow a plea bargain agreement, and that the trial court erred by making an affirmative finding on use of a deadly weapon.[1]

Appellant contends in his first point of error that the trial court erred in refusing to follow the plea bargain after accepting it. In May 1989, appellant was indicted with three other men for aggravated robbery. In June, appellant appeared in court with his counsel and two co-defendants. The prosecutor informed the trial court that the defen-

---

1. Originally, appellant's appointed counsel concluded that the appeal was wholly frivolous. After reviewing the record, we disagreed and ordered the trial court to appoint new counsel to represent appellant. *Ortiz v. State*, 849 S.W.2d 921 (Tex.App.—Corpus Christi 1993, no pet.); *see Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim.App.1991). The trial court complied with our order, and new counsel has filed a brief on appellant's behalf.

dants were pleading guilty, pursuant to a plea bargain, to the lesser offense of robbery, but the State was making no recommendations on punishment. After being admonished, the defendants pled guilty. The State presented evidence to support the pleas, and the trial court stated that it accepted the pleas. Then, the trial court stated:

> The Court is hereby going to accept it. *Now, I'm not going to be making any decisions today. I'm going to be deferring findings and ordering a presentence investigation report and schedule this matter for further hearing for August the 25th at 9:00 o'clock.*" (emphasis ours.)

When the Court reconvened for further proceedings after preparation of the presentence report, the trial judge stated that he would not accept "the recommendations that have been made." The judge stated that he would not "enter any findings to the lesser included offense," and further stated:

> So I am hereby going to instruct the respective attorneys to withdraw the pleas of guilty in behalf of their clients and set this matter for trial. And if you don't, I will enter it in your behalf.

Appellant, as instructed, withdrew his plea.[2] Several weeks later, appellant appeared in court to plead *nolo contendere* to aggravated robbery, and the trial court assessed appellant's punishment at fifty years in prison. Under the original plea bargain, whereby appellant's conviction would have been for robbery, the maximum punishment would have been twenty years in prison.

The applicable provision from the Code of Criminal Procedure, Article 26.13(a)(2), requires the court, prior to accepting a plea of guilty, to inquire as to the existence of any plea bargain agreements between the state and the defendant.

> "... [I]n the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such an agreement in open court and *before any finding on the plea.*[3] Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere; ...."

▮▮▮ A plea bargain consists of three parts: a plea of guilty, the consideration for it, and the approval by the court of the agreement. The bargain is the consideration exchanged to the defendant for the plea of guilty. In order for the contract to be binding, the trial judge must approve and accept both aspects of it. When presented with a plea bargain, the court has the right to accept or reject it; however, it may not hold the defendant to his plea of guilty while rejecting the benefit the defendant was to receive. If the court does not approve the entire agreement, the defendant must be allowed to withdraw his plea of guilty. *See Otero v. State*, 768 S.W.2d 848 (Tex.App.— Corpus Christi 1989, no pet.). Tex.Code Crim.Proc.Ann. art. 26.13(a)(2) (Vernon 1989). The difficulty in the instant case arises from the trial judge "accepting" the plea of guilty while not knowing whether it will follow or reject the agreement. Any plea of guilty as part of a plea bargain agreement is tentative until the trial court approves or rejects the agreement. Any acceptance of the plea of guilty before approval of the agreement is both premature and tentative. The trial judge below recognized that his acceptance of the guilty plea was tentative, because although he initially said he "accepted" the pleas and "is hereby going to accept it," he then stated that he was not

---

2. A "motion to withdraw plea" is functionally indistinguishable from a motion for new trial. *See State v. Evans*, 843 S.W.2d 576, 578 (Tex. Crim.App.1992). Generally, prior jeopardy does not constitute a bar to retrial when the defendant consents to a new trial. *Oregon v. Kennedy*, 456 U.S. 667, 672, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416 (1982). However, when governmental conduct, either by the judge or the prosecutor, is designed to goad the defendant into moving for a mistrial, the jeopardy clause will bar reprosecution despite the defendant's consent to the new trial. *Kennedy*, 456 U.S. at 673, 102 S.Ct. at

2088; *see Ex parte Garza*, 803 S.W.2d 873, 875 (Tex.App.—Corpus Christi, pet. ref'd). Because a defendant pleading guilty pursuant to a plea bargain knows that the trial court may reject the bargain, we do not consider the trial court's rejection as "goading." By pleading pursuant to a bargain, the defendant consents to the possibility of trial court rejection. This holding assumes, however, that the trial court did not accept the bargain before refusing to follow it.

3. Emphasis added by the author.

making any decisions and was going to be "deferring findings."[4] The court ordered a presentence investigation and the docket sheet entry reads, "Court found that the evidence substantiated the defendant's plea but did not adjudicate at this time. PSI ordered for further hearing." This indicates that the trial court did not approve or reject the plea bargain agreement at that time.

Accordingly, we do not find that the trial court's use of the term "accept the plea" at the initial hearing amounted to an adjudication of guilt on the robbery plea or amounted to an acceptance of the plea bargain. *See Mayfield v. Giblin*, 795 S.W.2d 852 (Tex. App.—Beaumont 1990, mand. appl. denied). Point one is overruled.

■ Appellant contends, in point three, that his conviction on the second plea violates the jeopardy provisions of the State and Federal Constitutions. Appellant asserts that he was placed in jeopardy when the trial court "accepted" his original plea in July 1989, and therefore his second plea constitutes double jeopardy.

■ Under the Federal Jeopardy Clause, jeopardy normally attaches in a bench trial when the judge begins to receive evidence. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977). Under the Texas Constitution, jeopardy normally attaches in a bench trial when the defendant pleads to the indictment. *State v. Torres*, 805 S.W.2d 418, 421 (Tex.Crim.App.1991). In the present case, the defendant entered a plea and the trial judge received evidence at the initial hearing. Under the general rules, it would appear that jeopardy attached at the initial hearing.

The Courts have, however, applied different rules for the attachment of jeopardy in plea bargaining cases. In the federal circuits, the general rule is that in a plea bargaining context, jeopardy attaches with acceptance of the plea. *See Fransaw v. Lynaugh*, 810 F.2d 518, 523 (5th Cir.1987);

*United States v. Cruz*, 709 F.2d 111, 112–13 (1st Cir.1983).[5] Only one Texas Court, *Mayfield*, has addressed the attachment of jeopardy under similar circumstances. In *Mayfield*, the Beaumont Court found no jeopardy violation in a capital murder prosecution when a trial judge "accepted" a defendant's plea to the lesser included offense of murder but then rejected the plea agreement after reviewing a presentence investigation report. We agree with the *Mayfield* Court.

There is a realistic difference between a negotiated plea of guilty and a "trial" which involves contested issues. *Wilson v. State*, 698 S.W.2d 145, 148 (Tex.Crim.App.1985) (Miller, J., concurring). A guilty plea based upon a negotiated plea bargain is governed by different public policy than a trial. *Id.* A defendant pleading guilty pursuant to a negotiated plea is admonished that the trial court may accept or reject the bargain. Tex. Code Crim.Proc.Ann. art. 26.13(a)(2) (Vernon 1989). Holding that jeopardy attaches with entry of the plea would effectively bind the trial court to the bargain. In this case, for instance, the trial court would have been bound to assess punishment for a robbery offense if appellant persisted in pleading guilty. That would be contrary to our laws permitting the trial court to reject a plea bargain and to public policy. Furthermore, as the trial court did not accept the plea bargain and as appellant withdrew his plea, appellant consented to his "new trial." We find no jeopardy violation. Appellant's third point of error is overruled.

■ In point two, appellant contends that the trial court erred in including in the judgment an affirmative finding on his use of a deadly weapon. Such a finding may be included in the trial court's judgment only if the evidence shows that the defendant personally used or exhibited a deadly weapon. *Travelstead v. State*, 693 S.W.2d 400, 402 (Tex.Crim.App.1985). The State concedes error. We have reviewed the evidence offered in support of the plea and agree with

---

4. Once the trial judge accepts the plea bargain, he is bound to follow its terms. *See Otero*, 768 S.W.2d at 849.

5. It appears from the federal cases that a trial judge's acceptance of the plea is tantamount to an adjudication of guilt. In this sense, in the federal cases, acceptance of the plea is acceptance of the plea bargain.

the parties that the trial court should not have included an affirmative finding in the judgment. Point two is sustained.

The judgment of the trial court is reformed to delete the affirmative finding on use of a deadly weapon. As reformed, the judgment of the trial court is affirmed.