Ex Parte Kerr 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00395-CR







EX PARTE: KENNETH KERR, Appellant







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0944116, HONORABLE LARRY FULLER, JUDGE PRESIDING







 In his sole point of error, appellant, Kenneth Kerr, argues the trial court erred in
denying relief on his pretrial application for writ of habeas corpus. Appellant contends that
double jeopardy bars his retrial on a charge of aggravated sexual assault of a child. We will
overrule appellant's point of error and affirm the trial court's order.



BACKGROUND


 On August 1, 1994, this case was originally called to trial. Following voir dire,
a jury was empaneled and sworn. The trial judge then released the jury, instructing the jury
members not to discuss the case. 

 The following morning juror Marcelino Diaz spoke with the judge and indicated
he could not be an impartial juror. The trial court summoned Diaz into the courtroom and
questioned him in the presence of counsel for the State and the defense. Diaz admitted that the
previous day he had not advised the court or the attorneys of any reason why he could not serve
on the jury. However, Diaz indicated that after talking with his girlfriend the previous evening,
he was now having doubts about his ability to be fair. He testified that his girlfriend had been
sexually abused as a child and in the past "had sat there and cried" as she told him about those
incidents. When the court asked Diaz why he had spoken to his girlfriend in violation of court
instructions, he denied having talked to his girlfriend about the case. He stated that he had simply
looked at her and had wanted to tell her about the case. Diaz admitted that he had been in the
hallway with his girlfriend that morning.

 Defense counsel moved for a mistrial based on a material nondisclosure by Diaz
during voir dire and based on indications that Diaz had discussed the case in violation of court
instructions. Initially, the trial court took this motion under advisement. However, after further
questioning by the court and after Diaz stated firmly that he could not be fair because the case
dealt with child molestation, the trial court granted the defendant's motion for a mistrial.

 On August 3, 1994, appellant filed an application for writ of habeas corpus seeking
his release from custody on the basis that the double jeopardy clause of the Fifth Amendment to
the United States Constitution prohibited his being tried a second time. (1) After a hearing on the
merits, the trial court denied the relief requested but stayed further proceedings pending this
appeal.



DOUBLE JEOPARDY


 In a jury trial, jeopardy attaches when the jury is empaneled and sworn to try the
case. Crist v. Brest, 437 U.S. 28, 35 (1978); Torres v. State, 614 S.W.2d 436, 441 (Tex. Crim.
App. 1981). Once jeopardy attaches, the defendant has a "valued right to have his trial completed
by a particular tribunal." Wade v. Hunter, 336 U.S. 684, 689 (1949).

 A defendant's motion for mistrial constitutes "a deliberate election on his part to
forgo his valued right to have his guilt or innocence determined before the first trier of fact."
United States v. Scott, 437 U.S. 82, 93 (1978). Thus, where the defendant moves for a mistrial,
as in this case, the double jeopardy clause does not bar retrial. Oregon v. Kennedy, 456 U.S.
667, 672-73 (1982); Crawford v. State, 703 S.W.2d 655, 662 (Tex. Crim. App. 1986). A second
trial will still be barred, however, if "the government conduct in question is intended to `goad'
the defendant into moving for a mistrial." Kennedy, 456 U.S. at 676; see also Ortiz v. State, 849
S.W.2d 921, 924 (Tex. App.--Corpus Christi 1993, no pet.) (noting that the exception applies to
governmental conduct by either prosecutor or judge). Thus, the exception applies if a defendant
can show that government conduct justified a mistrial and that the prosecutor or the court intended
to subvert the protections afforded by the double jeopardy clause. See Kennedy, 456 U.S. at 675-76.

 The record contains no evidence that the prosecution intended to provoke a mistrial
or that the mistrial resulted from any prosecutorial misconduct. There is no evidence that the
prosecution caused any of Diaz's actions or in any way influenced his testimony at the August 2
proceeding. In fact, the State declined the opportunity to question Diaz at the hearing, while the
trial court questioned Diaz thoroughly in an effort to ascertain whether Diaz could set aside his
personal feelings and decide the case on its facts. The trial court initially took the defendant's
motion for mistrial under advisement and granted the motion only when the necessity for a
mistrial became clear. The court's comments indicate that the trial court was displeased with the
mistrial and the resulting inconvenience to the parties and witnesses. Appellant offers no
explanation how either the conduct of the prosecution or the court was intended to provoke the
defense to seek a mistrial. 

 Appellant's argument suggests that double jeopardy bars retrial because juror Diaz
intended to goad the defendant into moving for a mistrial. Appellant cites no authority suggesting
that when a juror's intentional misconduct causes a mistrial, the State cannot thereafter prosecute
a defendant. (2) Moreover, even if such an exception existed, the record contains no evidence that
Diaz intended to "goad" the defense to move for a mistrial.



CONCLUSION


 Appellant moved for a mistrial and was granted the relief he requested. The record
contains no evidence of governmental conduct intended to provoke this action. Therefore, we
overrule appellant's point of error and affirm the trial court's order.



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Powers and Aboussie

Affirmed

Filed: February 15, 1995

Do Not Publish

1.   The double jeopardy clause of the Fifth Amendment provides that no one shall "be
subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const.
amend V. In Benton v. Maryland, 395 U.S. 784 (1969), the United States Supreme Court
held that the double jeopardy clause applies to the states through the due process clause of the
Fourteenth Amendment.
2.   In a similar case involving a defense motion for mistrial as a result of juror
misconduct, another court of appeals upheld a trial court finding that a claim of double
jeopardy was frivolous. Trimboli v. MacLean, 735 S.W.2d 953, 955 (Tex. App.--Fort Worth
1987, no pet.).