TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-96-00504-CR







Kenneth Leo Montgomery, Jr., Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-95-281, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING








 Appellant was charged with burglary of a habitation in May 1995. See Tex. Penal Code
Ann. § 30.02 (a), (c)(2) (West 1994 & Supp. 1997). On August 17, 1995, the appellant freely and
voluntarily entered a plea of guilty after proper admonishments by the trial court. The plea bargain
agreement between the State and the appellant called for ten years in the penitentiary, probated for ten
years. However, as part of the express written agreement and as confirmed by the trial judge in open court,
the probated sentence was conditioned upon appellant's appearance at his pre-sentence interview and
his punishment hearing. Appellant failed to appear at his August 28th, 1995 pre-sentence interview, as well
as his September 28th, 1995 punishment hearing. Appellant returned to court in May 1996, where,
pursuant to the plea-bargain agreement, the court sentenced the appellant to serve ten years in the Texas
Department of Criminal Justice without probating the sentence. Appellant appeals. We will affirm.

 Appellant argues in his first point of error that the trial court erred in sentencing him to ten
years in the penitentiary without probation because the trial court never formally accepted the plea-bargain
agreement. This argument is without merit. 

 A plea bargain is the process by which the defendant in a criminal case relinquishes his right
to go to trial in exchange for a reduction in charge and/or sentence. See Perkins v. Court of Appeals, 738
S.W.2d 276, 282 (Tex. Crim. App. 1987). It is a contractual arrangement consisting of three parts: a plea
of guilty; the consideration for the guilty plea; and the approval by the court of the agreement. See Ortiz
v. State, 885 S.W.2d 271, 273 (Tex. App.--Corpus Christi 1994), aff'd, 933 S.W.2d 102 (Tex. Crim
App. 1996). The bargain is the consideration exchanged to the defendant for the plea of guilty. Id. In
order for the contract to be binding, the trial judge must approve and accept both aspects of it. Id. If the
court does not approve the entire agreement, the defendant must be allowed to withdraw his plea of guilty. 
Id. 

 In the present case the appellant and the State agreed that the appellant would serve no
more than ten years for the charged offense of second degree burglary. The maximum prison term the
appellate could have received for this type of burglary was twenty years. See Tex. Penal Code Ann. §
30.02 (c)(2) (West 1994 & Supp. 1997) & § 12.33 (West 1994). The agreement stipulated that the time
served would be probated for ten years if the appellant appeared at both his pre-sentence interview and
his punishment hearing. The relevant part of the written plea agreement stated:


In the event the Defendant is released from jail on a P.R. Bond-- then the Defendant
agrees and stipulates that if he fails to appear at his Prob. Dept./P.S.I. interview or
meetings or if he fails to appear in Court at [the] time of [his] scheduled sentencing
hearing--then [the] Court will be authorized to impose [a] flat 10-year sentence [with] no
probation.



Moreover, at the time that the trial court accepted the appellant's plea of guilty, the record shows that the
trial judge discussed the above conditions of the plea agreement with the appellant:


THE COURT: Mr. Montgomery, if I release you on a $2,000 PR bond, you do
understand that, if you don't return for a PSI interview or if you don't return to court, either
one, then you would be sentenced to serve 10 years in the penitentiary, without probation?


DEFENDANT: Yes, sir.


THE COURT: Do you understand that? All right. It will be a $2,000 PR bond. 



 Appellant's contention that the trial court never formally accepted the plea agreement is
not supported by the record. The trial court explicitly acknowledged the plea agreement at the time
appellant entered his plea of guilty as evidenced by the above excerpt, and implicitly accepted the plea
agreement as evidenced by sentencing the appellant in conformity with the plea agreement. We therefore
overrule appellant's first point of error. 


 Appellant argues in his second point of error that the trial court erred in sentencing him in
accordance with the plea-bargain agreement because proper notice of his absence at his September 28th
punishment hearing was not given. Appellant argues that the bailiff, present at the September 28th
punishment hearing, called appellant's name from the door of the courtroom located on the third floor of
the Hays County Courthouse rather than calling his name from the courthouse door as required by statute. (1)

 The State contends that article 22.02 applies only to bond forfeitures and is therefore not
applicable to the present case. The State contends that the appellant is contesting his appearance at a
punishment hearing and is not challenging the forfeiture of his personal bond.

 After examining the statute it appears that the State is correct. But even assuming 
otherwise, the appellant's point of error would fail. As stated above, the plea-bargain agreement required
appellant to appear at both his August 28th, 1995 pre-sentence interview and his September 28th, 1995
punishment hearing. It is clear from the record that appellant knew of his August 28th, 1995 pre-sentence
interview, as evidenced by his signed verified appointment notice, and that he failed to attend this interview
as scheduled. Therefore, because the appellant failed to appear for his pre-sentence interview, the court
did not err in sentencing him to ten years without probation in accordance with the plea-bargain agreement. 
We therefore overrule appellant's second point of error and affirm the trial court's judgment.



 

 Mack Kidd, Justice 

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: October 23, 1997

Do Not Publish

1. Bail bonds and personal bonds are forfeited in the following manner: The name of the defendant
shall be called distinctly at the courthouse door, and if the defendant does not appear within a reasonable
time after such call is made, judgment shall be entered that the State of Texas recover of the defendant the
amount of money in which he is bound, and of his sureties, if any, the amount of money which they are
respectively bound, which judgment shall state that the same will be made final, unless good cause be
shown why the defendant did not appear. 


Tex. Code Crim. Proc. Ann. art. 22.02 (West 1989).


s to appear at his Prob. Dept./P.S.I. interview or
meetings or if he fails to appear in Court at [the] time of [his] scheduled sentencing
hearing--then [the] Court