ACCEPTED
05-17-01190-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
1/30/2018 5:33 PM
LISA MATZ
CLERK

Appeal No. 05-17-01189-CR
Appeal No. 05-17-01190-CR

IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
AT DALLAS, TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
1/30/2018 5:33:39 PM
LISA MATZ
Clerk

MICHAEL DEAN BICKLEY,
Appellant

vs.

THE STATE OF TEXAS,
Appellee

On appeal from the 283rd Judicial
District Court of Dallas County, Texas
Trial Nos. F15-35146-T, F15-35147-T

## MOTION TO DETERMINE JURISDICTION

The January 15, 2016 indictments charged Appellant with two counts of bodily-injury injury to an elderly person. TEX. PENAL CODE § 22.04(a)(3). (CR1: 8, 46; CR2: 8, 39). The complainant in Trial No. F15-35146-T (Appeal No. 05-17-01189-CR) was Ronnie Sanford, Appellant's 75-year-old stepfather, and the complainant in Trial No. F15-35147-T (Appeal No. 05-17-01190-CR) was Shirley Sanford, Appellant's 71-year-old mother. (CR1: 8; CR2: 39). Prior to

enhancement, the offenses were third-degree felonies.[1] TEX. PENAL CODE §§ 12.42(a), 22.04(f).

## *Background*

On April 10, 2017, the State filed its "Notice of Special Plea of Enhancement Paragraph," alleging that Appellant was convicted of aggravated assault with a deadly weapon in 2005 and of felony DWI in 2000. (CR1: 8, 28; CR2: 8, 30). The State's Notice of Enhancement did not allege whether the date of commission of the aggravated assault was subsequent to the date of conviction for the felony DWI. (CR1: 28; CR2: 30). *See* TEX. PENAL CODE § 12.42(d) (stating that "the second previous felony conviction [must be] for an offense that occurred subsequent to the first previous conviction having become final").

On or before September 15, 2017, the State motioned to strike its allegations that Appellant was convicted in 2000 for committing felony DWI. (CR1: 37; CR2: 55). The State's motion was not file-stamped, but it was granted on or before September 15, 2017. (CR1: 37; CR2: 55).

On September 15, 2017, Appellant signed a "Plea Agreement" in both of his cases. (CR1: 37; CR2: 57). The written plea agreements admonished Appellant

---

[1] The judgment in Trial No. F15-35147-T incorrectly stated the degree of offense was a second-degree felony. (CR2: 8, 39, 55; RR3: 9). TEX. PENAL CODE §§ 12.42(a), 22.04(f).

as to the range of punishment for a second-degree felony, stated that Appellant entered an "Open Plea" under the portion entitled "State's recommendation," and stated that Appellant pleaded true to the "first" enhancement paragraph, *i.e.*, Appellant pleaded true only to being convicted of aggravated assault in 2005. (CR1: 38-40; CR2: 57-60). Appellant signed a Judicial Confession in each case, stating it was true that he committed one prior felony, the 2005 aggravated assault. (CR1: 36; CR2: 54).

The trial court noted on the docket sheets that it conducted the "[f]irst part of open plea[s]" on September 15, 2017. (CR1: 6; CR2:6). In the proceedings on September 15, 2017, Appellant pleaded guilty to committing the alleged offenses, and he pleaded true to the allegation that he was convicted of aggravated assault in 2005.[2] (CR1: 8, 36, 39-40; CR2: 8, 54; RR2: 1, 5-6). On October 6, 2017, the trial court accepted Appellant's pleas, and it imposed concurrent six-year sentences of confinement in the Institutional Division. (CR1: 39-42; CR2: 57-60; RR3: 1, 9).

The judgments indicated that Appellant pleaded guilty pursuant to plea bargains. (CR1: 37-41, 40, 46, 63; CR2: 8, 39, 55, 61; RR2: 5, 61; RR3: 4, 9). The

---

[2] The judgment in Trial No. F15-35146-T incorrectly stated that Appellant pleaded true to a second enhancement paragraph that was found to be true. (CR1: 37-41, 40, 46; RR2: 5, 61; RR3: 4, 9).

trial judge indicated, at the September 15, 2017 hearing, that Appellant's pleas were negotiated, and Appellant thus waived his right to appeal, because the trial court granted the State's motion to strike the 2000 felony DWI from the enhancement allegations.[3] (RR2: 4-5). TEX. R. APP. P. 25.2(a)(2). The trial judge believed that Appellant's pleas were negotiated, even though there was no indication from the "open plea" paperwork, or from his judicial confessions, that Appellant would plead guilty in exchange for anything, and even though the trial judge gave no admonishments regarding any "recommendation" by the State. *See* footnote 3, *supra*, at 4; TEX. R. APP. P. 25.2(a)(2) (stating that a "plea bargain case"

---

[3] The record shows as follows at the beginning of the September 15, 2017 plea hearing:

| THE COURT: | So what are we doing? |
|---|---|
| [PROSECUTOR]: | It's not a trial, so. |
| THE COURT: | Well, if he just pleads with no limitations on me, then it's an open plea and he can appeal it. But when you're giving up, dropping a paragraph, then I think he loses his appeal rights. |
| [PROSECUTOR]: | All right. |
| [TRIAL COUNSEL]: | Can we still go open, your Honor? You still can give whatever sentence you want. |
| THE COURT: | He's going to be stuck with it. |
| [TRIAL COUNSEL]: | Yes, sir. Oh, I understand. Yes, sir. (Sotto voce discussion between defense attorney and defendant). My client does understand what you are saying and he is in agreement. |

(RR3: 5).

4

is a case where the punishment on a guilty plea "did not exceed the punishment recommended by the prosecutor and agreed to by the defendant").

There was no formal agreement on the record at the September 15, 2017 hearing to reflect that the felony DWI enhancement count was dropped in exchange for Appellant's pleas of guilty and true to the aggravated assault enhancement allegation, nor was the plea paperwork amended to so demonstrate. (CR1: 38-40; CR2: 57-60; RR2: 4-5). *See* footnote 3, *supra*, at 4. On the other hand, Appellant did not dispute the trial court's conclusion that Appellant entered his plea pursuant to a plea bargain; instead, Appellant's stated that he wanted to "still go open" as to the term of confinement. *See* footnote 3, *supra*, at 4. Appellant did not waive his right to appeal in the plea paperwork, and he timely filed his notices of appeal. (CR1: 38-40, 64; CR2: 57-61).

The record in Trial No. F15-35147-T includes a "Trial Court's Certification of Defendant's Right to Appeal," with no cause number. (CR2: 56). A crossed-out "X" was apparently entered next to the trial court's certification that "this" case was "not a plea-bargain case, and the defendant has the right of appeal." TEX. R. APP. P. 25.2(a)(2). (CR2: 56). A second "X" appears next to the statement that "this" case "is a plea-bargained case, and the defendant has no right of appeal." (CR2: 56). The certification was dated as signed by the trial judge on

"10/6/16," *i.e.*, on October 6, 2017, and again on "9/15/17," the date when Appellant was sentenced. (CR2: 56; RR3: 1). The certification was signed by trial counsel and by Appellant on an unknown date. (CR2: 56).

### Appellant's Right to Appeal

In the absence of a negotiated "recommendation" regarding punishment that is followed by the trial court, pleas are considered to be non-negotiated. TEX. R. APP. P. 25.2(a)(2). In Appellant's case, the trial court correctly perceived that it should not admonish Appellant about Appellant's right to withdraw his plea if the trial court rejected a recommendation, since there was no recommendation. TEX. CODE CRIM. PROC. art. 26.13(a)(2). The trial court incorrectly believed that Appellant's open pleas, as shown in his plea paperwork, became negotiated pleas when the trial court granted the State's motion to strike one of the enhancement counts. TEX. R. APP. P. 25.2(a)(2); *see Ramirez v. State*, 89 S.W.3d 222, 225-27, 225 n.5 (Tex. App. — Corpus Christi 2002, no pet.) (rejecting the State's argument that there was a negotiated plea when the trial court did not adjudicate the enhancement paragraph since there was no record to show that "the State agreed to drop the enhancement paragraph in exchange for [the defendant's] guilty plea"). Appellant's arguable acquiescence at the hearing to the trial court's belief that Appellant waived his right to appeal should not be treated as a revision of

6

Appellant's plea, because no agreement was shown that Appellant was waiving his rights in consideration for the State asking the trial court to strike one of the enhancement allegations. *See* footnote 3, *supra*, at 4; *Ex parte Moussazadeh*, 64 S.W.3d 404, 412 (Tex. Crim. App. 2001) (stating that any finding that parole eligibility formed an essential part of a plea agreement "must be founded upon the express terms of the written plea agreement itself" or on "the formal record at the plea hearing"). Moreover, since the record does not show that the State could have established that Appellant committed the aggravated assault after the felony DWI conviction became final, there would have been a failure of consideration for any agreement to cap his confinement at 20 years by striking the felony DWI allegation. TEX. PENAL CODE §§ 12.32, 12.33, 12.42(d); *Ramirez*, 89 S.W.3d at 225 n.5; *Ortiz v. State*, 885 S.W.2d 271, 273 (Tex. App. — Corpus Christi 1994), *aff'd*, 933 S.W.2d 102 (Tex. Crim. App.1996) (stating that plea agreements are contracts that require "consideration" to be "exchanged").

### *Remedy*

This Court should find that it has jurisdiction to entertain Appellant's appeals, grant Appellant leave to obtain new certifications, and direct the trial court to certify that Appellant has the right to appeal in both of his cases. TEX. R. APP. P. 25.2(a)(2), 25.2(d), 25.2(f); 34.5(c), 37, 44.3, 44.4. In the alternative, this Court

7

should abate the appeals with orders for the trial court to make findings of fact regarding the determination about whether Appellant has the right to appeal his convictions, and make such determinations, but with Appellant being granted leave to renew his challenge in this Court to the absence of certifications that he has the right to appeal. TEX. R. APP. P. 25.2(a)(2), 25.2(f), 34.5, 37.1, 44.3, 44.4. Appellant further prays for appropriate time to file his Brief for Appellant after resolution of the jurisdiction question.

For the reasons shown, Appellant respectfully requests the requested relief and any other relief to which he would be entitled under terms deemed appropriate by this Court.

Respectfully submitted,

/s/ Christian T. Souza

Lynn Richardson
Chief Public Defender
Dallas County, Texas

Michael R. Casillas
Chief, Appellate Division
Dallas County Public Defender's Office

Christian T. Souza
Assistant Public Defender
State Bar No. 00785414
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-2
Dallas, Texas 75207-4399
(214) 653-3550 (telephone)
(214) 875-2363 (fax)
Christian.souza@dallascounty.org

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing motion was served on the Dallas County Criminal District Attorney's Office (Appellate Division), 133 N. Riverfront Blvd., 10th Floor, Dallas, Texas 75207, by eServe and/or by electronic mail to dcdaappeals@dallascounty.org.

/s/ Christian T. Souza
Christian T. Souza