**Lionel CORONADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 1227–86, 1228–86.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 25, 1987.

Fernando Villarreal, court appointed, Waco, for appellant.

Vic Feazell, Dist. Atty., J. Patrick Murphy & Mark Jaynes, Asst. Dist. Attys., Waco, Robert Huttash, State's Atty., Austin, for State.

---

### OPINION ON APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeals are taken from convictions for the offenses of unlawfully carrying a weapon and driving while intoxicated. Appellant was convicted in a trial before the court following his pleas of guilty. Punishment was assessed at 90 days in each cause. Additionally, the court assessed a $100.00 fine in the driving while intoxicated conviction.

Appellant presented an identical point of error in each of his appeals. He maintained the trial court erred in failing to grant a motion to dismiss due to an alleged violation of the Speedy Trial Act under Article 32A.02, V.A.C.C.P. The Court of Appeals affirmed the convictions in an unpublished opinion delivered October 30, 1986 in cause numbers 10–86–030–CR and 10–86–031–CR, styled *Lionel Coronado v. The State of Texas.* The court refused to address the merits of the speedy trial claims presented by appellant. Rather, the court rejected the points of error presented by appellant on the basis of its opinion in *Stewart v. State,* 699 S.W.2d 695 (Tex.App. —Waco, 1985, no pet.) in which it was held the Speedy Trial Act is unconstitutional due to a deficient caption.

In deciding this case, the Court of Appeals did not have the benefit of this Court's recent opinion in *Baggett v. State,* 722 S.W.2d 700 (Tex.Cr.App.1987). There, it was held that under the recent admendment to Article III, Section 35 of the Texas Constitution, a court no longer has the power to declare an act of the Legislature unconstitutional due to the insufficiency of its caption. Although the opinion in this cause was delivered before the amendment, we note that the opinion by the Court of Appeals is not final through the issuance of a mandate due to the timely filing of appellant's petitions for discretionary review. Tex.App.Pro. Rule 86(a)(1).

Therefore, pursuant to the authority conferred on this Court by Tex.App.Pro. Rule 202(k), appellant's petitions for discretionary review are summarily granted. The causes are remanded to the Court of Appeals for the Tenth Supreme Judicial District for reconsideration of appellant's points of error in light of this Court's opinion in *Baggett v. State,* supra. This Court expresses no opinion with respect to the ultimate disposition of the points of error.

The judgment of the Court of Appeals is vacated and the cause is remanded to that court for further proceedings consistent with this opinion.