NUMBER 13-00-495-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


JUAN ANDRES GUERRA , Appellant,


v.



THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the 92nd District Court

of Hidalgo County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Dorsey


This case stems from a conviction of Juan Andres Guerra for sexual assault after he plead guilty to all charges and was
sentenced by the court to serve a term of eight years in the Institutional Division of the Texas Department of Criminal
Justice. Appellant Juan Andres Guerra was indicted by a Hidalgo County grand jury on one count of sexual assault with an
enhancement paragraph alleging a previous conviction of sexual assault. Prior to trial and after discussion of the case with
his attorney, the appellant pled guilty in an "open plea" before the court and was subsequently sentenced to the eight year
term. Three points of error are raised to this Court: was appellant's counsel at trial competent, did the trial court err in not
giving Guerra a separate sentence hearing, and does article 37.07 violate article III section 35 (a) of the Texas Constitution?

This Court must first determine, sua sponte, whether it has jurisdiction to hear this appeal. Because we conclude appellant
entered his plea of guilty without a plea bargain, in an open plea (1) we find jurisdiction to hear the merits. 

I. Ineffective Counsel Argument 

A. Failure to Inform Appellant of Consequences of Guilty Plea 

Appellant initially complains that his trial counsel was ineffective in that counsel failed to properly inform appellant of
consequences of a plea before the court, failed to conduct an independent investigation of the facts and circumstances
surrounding the allegations against appellant, and failed to request a pre sentence investigation. 

The standard for ineffective counsel is set out in Strickland v. Washington in a two part test that was adopted by Texas
inHernandez v. State. See Strickland, 466 U.S. 668 (1984); Hernandez, 726 S.W.2d 53 (Tex. Crim. App. 1986). This
standard applies to both the guilt-innocence and the punishment phase of trial. Hernandez, 988 S.W.2d at 770. The
standard requires a defendant seeking relief based on ineffective assistance of counsel to prove that counsel's performance
failed to constitute reasonably effective assistance by falling below an objective standard of reasonableness under the
prevailing professional norms, and that there is a reasonable probability that, but for counsel's deficient performance, the
result of the proceeding would have been different. Strickland, 466 U.S. at 694;Hernandez, 726 S.W.2d at
55;Lozada-Mendoza v. State, 951 S.W. 2d 39, 42 (Tex. App.-Corpus Christi 1997, no pet.). A "reasonable probability" is a
probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Ex parte Walker, 777 S.W.2d
427, 430 (Tex. Crim. App. 1989). 

In order to determine whether this standard has been met, one must look at the "totality of the representation." Ex parte
Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). Furthermore, appellant must prove ineffective assistance of
counsel by a preponderance of the evidence. Stafford v. State, 813 S.W.2d 503, 506 n.1 (Tex. Crim. App. 1991). A claim
of ineffective assistance of counsel will only be sustained if it is firmly founded in the record and the record affirmatively
demonstrates counsel's alleged ineffectiveness. Ex parte McWilliams, 634 S.W.2d 815, 819 (Tex. Crim. App. 1980). In
reviewing whether trial counsel performed deficiently, there is a strong presumption that counsel's conduct constitutes
sound legal strategy. Strickland, 466 U.S. at 689; Miniel v. State, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992). 

Furthermore, there is a presumption that counsel is better positioned than the appellate court to judge the pragmatism of the
particular case, and that he or she made all significant decisions in the exercise of reasonable professional judgment. Delrio
v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992); Moffat v. State, 930 S.W.2d 823, 826 (Tex. App.-Corpus Christi
1996, no pet.). The record must contain evidence of counsel's reasoning, or lack thereof, to rebut this presumption.Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). The right to counsel under the constitution does not contemplate
errorless counsel or counsel judged ineffective in hindsight. Ex parte Carillo, 687 S.W.2d 320, 324 (Tex. Crim. App.
1985). Moreover, performance of counsel cannot generally be adequately examined based on a trial court record. Kemp v.
State, 892 S.W.2d 112, 115 (Tex.App.Houston[1st Dist.] 1994, pet. ref'd). A proper review should involve a record
specifically targeting the conduct of trial counsel. Id. Such a record is best developed in a motion for new trial, Id, or by a
post-conviction petition for writ of habeas corpus under Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2001).

In the instant case there was no motion for new trial so the evidence needed to prove ineffective counsel must be found in
the record. However, appellant has offered no evidence from the trial court record to rebut the presumption that his
attorney's decisions were made in the exercise of sound legal judgment and the evidence is also deficient to show how these
decisions harmed him.

The record further reflects that the appellant was told of the consequences of his plea by the court and his counsel. The
dialog specifically states:

The Court: You have a right, Mr. Guerra, to have a jury hear your case and assess your punishment but you may give up
that right and you can ask the Court to hear your case and assess your punishment. You also have the right to have all of
the witnesses who will testify against you appear and confront you in open Court so you can cross-examine them but you
may give up that right. In that respect, sir, I am showing you some documents designated Plea Admonishments and Waiver
of Rights in the Defendants Plea of Guilty. Is this your signature on these documents?

Defendant: Yes, sir.

The Court: Contained herein, sir, you are-there are several waivers. You are giving up you right to have a jury hear your
case. You are giving up your right to have the witnesses appear and confront you in open court. There is also a stipulation
by you to the evidence and a confession by you admitting the charges against you. Are you asking this court to accept and
approve all of these waivers?

Defendant: Yes, sir.

The Court: Everything contained herein was explained to you thoroughly, totally and completely by your attorney?

Defendant: Yes, sir.

In light of this testimony in the record, the appellant has failed to draw any evidence from the record to support his claim
that counsel did not properly inform him of the consequences of pleading guilty. The record in fact shows the opposite.
Appellant has thus failed to rebut the strong presumption that his attorney acted reasonably.

Furthermore, no evidence exists to show that appellant was harmed by the alleged mistakes. Appellant's alleged harm was
the denial of his opportunity to present mitigating evidence to reduce his sentence, and his inability to enter his plea before
a jury. No evidence was presented to support this contention. The record shows that the appellant was aware of the
consequences of his plea.

The appellant has failed to show how the outcome of the trial would have differed and thus fails the second prong of
theStrickland test.

B. Trial Counsel's Failure to Conduct An Independent Investigation 

Appellant further claims ineffective assistance of counsel because his trial counsel failed to conduct an independent
investigation of Appellant's case. There is no evidence to support this claim. This point is overruled.

C. Failure to Request a Pre-Sentence Investigation Report. 

Under the Texas Code of Criminal Procedure, article 42.12 § 9, the trial court must order a pre-sentence investigation
report unless the exceptions in art. 42.12, § 9(g) apply. Even then, if the defendant requests a pre- sentence investigation
report, the trial court must order that a pre-sentence investigation report be prepared. Tex. Code Crim. Proc. Ann. art. 42.12
§ 9 (Vernon Supp. 2001); Whitelaw v. State, 29 S.W.3d 129, 134 (Tex. Crim. App. 2000). In the instant case, the
exception in 42.12 § 9(g)(3) applies. The appellant was found guilty of sexual assault here which carries a mandatory two
to twenty year prison term under Texas Code of Criminal Procedure, article 41.12 § 3g (1)(H), if punishment is assessed by
the judge. Under 42.12 § 9(g)(3), the defendant must request a pre-sentence investigation report if the only punishment
available is imprisonment. Here, the appellant claims that trial counsel was ineffective for failing to request a report. 

However, there is no evidence of harm. The appellant does not show that it would have changed the outcome of the trial. 

Because the trial counsel's failure to request the report did not constitute ineffectiveness of counsel under the two
prongStrickland test, we must overrule this point.

II. Error in sentencing, where appellant alleges he was not given an opportunity to present evidence at a separate
hearing. 


The appellant further contends that the trial court improperly sentenced him because he was not allowed to present
evidence at a separate punishment hearing. Under Tex. R. App. P. 33.1(a)(West 2000), the record must show that: 

(1) the complaint was made to the trial court by a timely request, objection, or motion that: 

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to
make trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or
Appellate Procedure; and


(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

Tex. R. App . P. 33.1 (a).

In this case, the appellant did not request an opportunity to present any mitigating evidence to the trial court, failed to object
to the trial court's sentence, and did not raise a complaint in a motion for new trial. Because of this, this issue is being
brought for the first time on appeal. We overrule this point. 

Furthermore, had this issue not been waived, the Court of Criminal Appeals has held that upon entering a plea of guilty, in
a non-capital felony case, a defendant is not entitled to a bifurcated trial. Carroll v. State, 975 S.W.2d 630, 631 (Tex.
Crim. App. 1998); Thom v. State, 563 S.W.2d 618, 619 (Tex. Crim. App. 1978). So, since the appellant was not denied the
right to present evidence as to punishment and because he entered a guilty plea, this issue would be overruled. 

III. Constitutionality of Article 37.07

Appellant contends that Texas Code of Criminal Procedure Article 37.07 is unconstitutional based on a defective caption.
However, it is well established and appellant concedes that a court cannot hold that a statute is unconstitutional based
solely on a defective caption. Tex. Const. art. III § 35(c); Baggett v. State, 722 S.W. 2d 700, 701 (Tex. Crim. App.
1987);Coronado v. State, 725 S.W. 2d 253, 254 (Tex. Crim. App. 1987). The Texas Legislature is responsible for
determining compliance with Article III, section 35. Tex. Const. art. III § 35(b). We overrule this point as well.

For the foregoing reasons, we affirm the trial court's judgment. 



______________________________

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 31st day of August, 2001.

1. Due to the nature of the agreement between the two parties regarding the plea, we must determine whether a "plea
bargain" took place before jurisdiction can be determined. A plea bargain is a contractual arrangement consisting of three
parts: a plea of guilty, the consideration for it, and the approval by the court of the agreement.Ortiz v. State, 885 S.W.2d
271, 273 (Tex. App.- Corpus Christi 1994), aff'd 933 S.W.2d 102 (Tex. Crim. App. 1996). The bargain is consideration for
the defendant's plea of guilty. Ortiz, 885 S.W. 2d at 273. In the instant case there was no consideration or agreed bargain
offered in return for a guilty plea. Furthermore, no agreement was approved by the court. Therefore, no plea bargain
existed.