NO. 07-04-0290-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 1, 2005

_____

JOSEPH ALVAREZ CASTRO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 46,351-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a not guilty plea, appellant was convicted by a jury of aggravated assault with a deadly weapon, enhanced, and punishment was assessed by the trial court at 30 years confinement. Presenting five issues, appellant questions whether (1) jeopardy attached when the court accepted his plea of guilty and assessed punishment pursuant to

a plea agreement; (2) the trial court erred when it *sua sponte* set aside his guilty plea after jeopardy had attached and he proceeded to trial on the same offense; (3) the trial court erred in *sua sponte* "undoing and withdrawing" his guilty plea, its acceptance, and assessment of punishment pursuant to a plea agreement; (4) the trial court erred in *sua sponte* "undoing and withdrawing" his guilty plea when he did not withdraw it; and (5) the trial court breached its agreement when it subsequently accepted his guilty plea and then *sua sponte* undid and withdrew the guilty plea and put him to trial. We affirm.

Appellant was convicted of aggravated assault for stabbing the victim. According to testimony, appellant's father operated an auto shop behind his home, which was located next to the victim's home. Appellant worked in the shop and the victim spent time there. On the night of the incident, while the victim was riding his bike home from work, appellant, who was with his girlfriend in her car approaching from the opposite direction, noticed the victim and instructed her to turn the car around. She complied and, after she stopped, appellant exited the car and approached the victim. A fight immediately broke out and the victim ran. Appellant followed him, pulled a knife out and stabbed him, and a chase followed. The victim became weary, gave up, and pleaded for his life. Appellant kicked him and then left.

Initially, appellant and the State entered into a plea bargain. At the plea hearing, appellant entered a plea of guilty and was admonished by the trial court. The court then announced:

2

> All right.  All right.  Mr. Castro, I will accept your plea bargain in this case.  I will accept your plea of guilty and find that it has been made knowingly and voluntarily.  I will further find that the evidence is sufficient to find you guilty of the second degree felony of aggravated assault with a deadly weapon.

The court deferred a finding of guilt and informed appellant he would be placed on community supervision for six years.  Appellant was ordered to pay restitution for the victim's medical treatment, undergo anger management, and have no contact with the victim.  After appellant acquiesced to the conditions, defense counsel informed the court that the victim was a neighbor of appellant's and visited appellant's father's shop daily, but that appellant would try to avoid contact with the victim.

After a discussion on the court's condition of no contact with the victim, appellant agreed to stay away from him.  The court instructed appellant that if the victim came over he would need to retreat and go inside his house.  Appellant replied, "Oh, my God."  After further discussion on avoiding contact with the victim, the Court asked appellant if he needed to say anything and he professed his innocence as follows:

> Your Honor, *I didn't assault this man*, but we're not here to talk – I mean, we're here to talk about that, but I'm accepting something that's just giving up a lot of my rights.

(Emphasis added).  The court immediately announced that appellant had "blown it" and it could not accept the plea if appellant could not admit he committed the crime.  *Sua sponte*, the trial court withdrew appellant's guilty plea.

By his first two issues, appellant questions whether jeopardy had attached when the trial court accepted his guilty plea and assessed the plea-bargained punishment. The Fifth Amendment provides that no person shall be subject for the same offense to be twice put in jeopardy of life or limb. U.S. Const. amend. V. *See also* Tex. Const. art. I, § 14. The Double Jeopardy Clause consists of three separate constitutional protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.E.2d 656 (1969).

A defendant may raise a claim of double jeopardy when a former prosecution resulted in acquittal, conviction, was improperly terminated, or was terminated by a final order or judgment for the defendant that has not been reversed, set aside, or vacated and that necessarily required a determination inconsistent with a fact that must be established to secure conviction in the subsequent prosecution. *See* Tex. Code Crim. Proc. Ann. art. 27.05 (Vernon 1989). Ordinarily, failure to do so waives the claim for appellate review. *See* Casey v. State, 828 S.W.2d 214, 215-16 (Tex.App.–Amarillo 1992, no pet.).

Generally, a double jeopardy claim must be preserved. Gonzalez v. State, 8 S.W.3d 640, 642 (Tex.Cr.App. 2000).[1] A claim, however, may be raised for the first time on appeal

---

[1]The Court noted that preservation of double jeopardy claims is not a model of clarity. *Gonzalez*, 8 S.W.3d at 642-43.

when (1) the undisputed facts show the double jeopardy violation is apparent from the face of the record and (2) enforcement of usual rules of procedural default serves no legitimate state interests. *Id.* at 643. If a jeopardy violation is apparent on the face of the record, a defendant will prevail; if not, the claim fails on the merits regardless of whether it was preserved for review. *See* Jimenez v. State, 67 S.W.3d 493, 509 (Tex.App.–Corpus Christi 2002, pet. ref'd). Thus, we must first determine whether a double jeopardy violation is clearly apparent on the face of the record before addressing whether it was preserved for review.

Appellant asserts he was tried twice for the same offense. We disagree. We recognize that in a negotiated plea proceeding, jeopardy attaches when the trial court accepts the plea bargain. Ortiz v. State, 933 S.W.2d 102, 107 (Tex.Cr.App. 1996). However, there is no jeopardy violation where a court accepts a plea and later rejects it. *See* Mayfield v. Giblin, 795 S.W.2d 852, 856 (Tex.App.–Beaumont 1990, orig. proceeding) (denying mandamus relief where trial court accepted a plea bargain and later rejected it after reviewing a presentence investigation report).

In the underlying case, the trial court initially accepted appellant's plea bargain; however, after appellant professed his innocence, the plea bargain was withdrawn. *Cf.* Ortiz v. State, 885 S.W.2d 271, 274 (Tex.App.–Corpus Christi 1994), *aff'd*, 993 S.W.2d 102 (Tex.Cr.App. 1996) (finding that the trial court's use of "accept the plea" did not amount to an adjudication of a lesser offense).

5

Additionally, appellant had bargained for deferred adjudication, which does not cause him to suffer a conviction until community supervision is revoked and guilt is adjudicated. *See* Jordan v. State, 36 S.W.3d 871, 876 (Tex.Cr.App. 2001). Also, deferred adjudication is not a form of punishment. *See generally* Tackett v. State, 989 S.W.2d 855, 858-59 (Tex.App.–Houston [14th Dist.] 1999, pet. ref'd) (interpreting Watson v. State, 924 S.W.2d 711 (Tex.Cr.App. 1996)). The record does not demonstrate that appellant was prosecuted twice for the same offense after an acquittal, prosecuted twice for the same offense after a conviction, nor assessed multiple punishments. Thus, we conclude a jeopardy violation is not apparent on the face of the record. Our conclusion and appellant's failure to raise double jeopardy below waives his claim on appeal. Issues one and two are overruled.

By issues three, four, and five, appellant contends the trial court erred in *sua sponte* "undoing and withdrawing" his guilty plea, its acceptance, and assessment of punishment pursuant to a plea agreement, *sua sponte* "undoing and withdrawing" his guilty plea when he did not withdraw it, and breaching its agreement when it subsequently accepted his guilty plea and then *sua sponte* undid and withdrew it and put him to trial. He argues the trial court was without authority to *sua sponte* grant a new trial. Although we agree that a trial court has no authority to grant a new trial without a motion, we disagree with appellant's contentions. *See* Zaragosa v. State, 588 S.W.2d 326-27 (Tex.Cr.App. 1979).

6

Following the trial court's *sua sponte* withdrawal of his guilty plea, appellant did not lodge an objection nor otherwise bring to the trial court's attention any dissatisfaction regarding the withdrawal. The trial court's action must be preserved for appellate review. *See* Mendez v. State, 138 S.W.2d 334, 339 (Tex.Cr.App. 2004) (holding that a complaint regarding the trial court's failure to *sua sponte* withdraw a guilty plea was not preserved in accordance with Rule 33.1(a) of the Texas Rules of Appellate Procedure). We hold appellant failed to preserve his complaints for review. However, in the interest of justice, we reference these additional authorities.

A plea bargain is a contractual agreement that must be agreed to by all necessary parties or it is not binding. Tex. Code Crim. Proc. Ann. art. 26.13(a)(2) (Vernon Supp. 2005). Also, voluntariness of a plea is determined by the totality of the circumstances surrounding the plea. Griffin v. State, 703 S.W.2d 193, 196 (Tex.Cr. App. 1986).

A trial court errs when it does not *sua sponte* withdraw an accused's guilty plea where the evidence reasonably and fairly raises his innocence. *Mendez*, 138 S.W.3d at 337. Although no evidence was presented at the plea hearing, appellant declared he had not assaulted the victim, that he was giving up many rights, and replied in a doubtful manner when the court instructed him to avoid the victim by retreating. Based on the totality of the circumstances, the trial court had no choice but to withdraw the guilty plea. We conclude the trial court did not err in withdrawing appellant's guilty plea nor breach the

7

plea agreement. In fact, appellant failed to abide by the terms of the agreement by claiming he had not assaulted the victim. Issues three, four, and five are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Publish.