263 P.3d 1283 (2011)
STATE of Washington, Respondent,
v.
John George COOPER, Appellant.
No. 40833-3-II.
Court of Appeals of Washington, Division 2.
October 18, 2011.
*1284 Jan Trasen, Attorney at Law, Seattle, WA, for Appellant.
Abigail E. Bartlett, Clark County Prosecuting Attorney's Office, Vancouver, WA, for Respondent.
HUNT, P.J.
¶ 1 John George Cooper appeals his sentences imposed following his guilty plea convictions for bail jumping and for obtaining or attempting to obtain a controlled substance by fraud or forged prescription. He argues that the trial court erred when it determined his two Texas deferred adjudications counted as "conviction[s]" under RCW 9.94A.030(9)[1] for offender score calculation purposes. We hold that the trial court properly considered these Texas adjudications as "convictions" for offender score calculation purposes, because, despite not having "entered" these adjudications, the Texas court had accepted Cooper's guilty pleas to these charges. Accordingly, we affirm.

FACTS
¶ 2 On May 3, 2010, the trial court accepted John George Cooper's pleas of guilty to charges of bail jumping and obtaining or attempting to obtain a controlled substance by fraud or forged prescription. At sentencing, Cooper and the State disagreed about whether his offender score was three or five points. Cooper asserted that his offender score should not include two 2008 Texas offenses, a theft of property of more than $1,500 but less than $20,000, and a "theft from a person," because these offenses were "deferred adjudications" and not "convictions" as defined by RCW 9.94A.030(9). CP at 21; VRP at 7. The State argued that Cooper's two deferred adjudications were "convictions" under RCW 9.94A.030(9) because the Texas court had accepted Cooper's guilty pleas, which were themselves convictions.
¶ 3 The State presented certified records of the deferred Texas adjudications. The guilty plea documents showed that Cooper had agreed to a four-year "deferred adjudication" for the property theft[2] and a two-year "deferred adjudication" for the theft from a person.[3] The plea forms listed several "Admonishments,"[4] including one describing a deferred adjudication as follows:
8. Deferred Adjudication: If the Court grants you deferred adjudication community supervision, on violation of any imposed condition, you may be arrested *1285 and detained. You will then be entitled to a hearing limited to the determination by the Court of whether to proceed with an adjudication of guilt. After adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision and your right to appeal continue as if adjudication of guilt had not been deferred. Upon adjudication of your guilt, the Court may assess your punishment at any term of years and any fine within the range of punishment.
CP at 43 (emphasis added), 53 (emphasis added).
¶ 4 When Cooper pleaded guilty to the two charges, he "confess[ed] and admit[ed]" "each and every element" of the charged offenses. CP at 44, 54. Both guilty plea forms contained the following finding entered by the Texas court:
The Court hereby finds that (1) the Defendant was sane when the alleged offense was committed, is mentally competent, is represented by competent counsel, understands the nature of the charges against him/her, and has been warned of the consequences of a plea of guilty or nolo contendere, including the minimum and maximum punishment provided by law; (2) the attorney for the Defendant and the State consent and approve the waiver of a trial by jury and agree to stipulate to the evidence in this case; and (3) the Defendant understands the consequences of his plea, and the Defendant's plea of guilty, statements, waivers, stipulations, and judicial confession were freely, voluntarily, knowingly and intelligently made. The Court hereby accepts the Defendant's plea of guilty and approves the waiver of a jury trial and the consent to stipulate evidence.
CP at 45 (second and third emphasis added), 55 (second and third emphasis added).
¶ 5 The Texas court then deferred further proceedings by entering orders stating that (1) the Texas court had arraigned Cooper, (2) Cooper had pleaded guilty, and (3) the Texas court had "found sufficient evidence to find the defendant guilty of the offense" charged. CP at 46, 56. These orders continued:
However, . . . the Court being of the opinion that the best interests of society and the defendant will be served in this cause by deferring further proceedings without entering an adjudication of guilt pursuant to Article 42.12, Section 5 of the code of Criminal Procedure, as amended, it is therefore CONSIDERED, ORDERED and ADJUDGED that further proceedings in this cause shall be and are hereby deferred and the defendant placed on Community Supervision in this cause for [the specified period] from this date . . . subject [to numerous conditions of community supervision].
CP at 46 (italics and first bold added), 56 (italics and first bold added).
¶ 6 Based on these documents and the parties' arguments in the instant case, the trial court agreed with the State and included Cooper's two deferred Texas adjudications in calculating his offender score. Cooper appeals this component of his offender score and the extent to which it increased his sentence.

ANALYSIS
¶ 7 This case involves an issue of first impression: whether Washington courts can consider Texas deferred adjudications as "convictions" for offender score calculation purposes. Cooper argues that these deferred adjudication are not "convictions" under RCW 9.94A.030(9) because the Texas trial court had deferred entering adjudications of guilt after accepting his guilty pleas to those two offenses. We disagree.
¶ 8 Resolving this issue requires us to interpret RCW 9.94A.030's definition of "conviction." We review questions of statutory construction de novo. State v. Roggenkamp, 153 Wash.2d 614, 621, 106 P.3d 196 (2005). When interpreting a statute, we first look to its plain language. State v. Bunker, 169 Wash.2d 571, 578, 238 P.3d 487 (2010). If the plain language is subject to only one interpretation, the inquiry ends because plain language does not require construction. State v. Wentz, 149 Wash.2d 342, 346, 68 P.3d 282 (2003). Such is the case here.
*1286 ¶ 9 RCW 9.94A.030(9) of the Sentencing Reform Act provides:
"Conviction" means an adjudication of guilt pursuant to Title 10 or 13 RCW and includes a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty.

(Emphasis added). This plain language of RCW 9.94A.030(9) expressly provides that acceptance of a guilty plea is sufficient to establish a prior "conviction" for offender score and sentencing purposes. See also State v. Morley, 134 Wash.2d 588, 597-98, 952 P.2d 167 (1998) (foreign adjudications of guilt that do not comply with Titles 10 or 13 are sufficient to establish convictions under RCW 9.94A.030(9)); State v. Partida, 51 Wash.App. 760, 762, 756 P.2d 743 ("`Conviction' [under RCW 9.94A.030] means an adjudication of guilt and includes acceptance of a plea of guilty."), review denied, 111 Wash.2d 1016, 1988 WL 632125 (1988).
¶ 10 The documents the State supplied at Cooper's sentencing showed that, although the Texas court had deferred entering the adjudications in the court records, it had clearly accepted Cooper's guilty pleas, which it had entered in the court records. Thus, the statute's plain language supports the trial court's inclusion of Cooper's two Texas deferred adjudications as "convictions" in his offender score.[5]
¶ 11 RCW 9.94A.030(9)'s plain language includes acceptance of a guilty plea as a "conviction" for offender score and sentencing purposes. The documentation the State presented here showed that the Texas court had accepted Cooper's guilty pleas, which Texas law expressly allows later sentencing courts to consider (despite the deferred status of corresponding adjudications). See Tex.Code Crim. Proc. Ann. art. 42.12, § 5(c)(1). We hold, therefore, that the trial court properly included Cooper's two prior Texas deferred adjudications in his offender score. Accordingly, we affirm his sentence.
We concur: VAN DEREN and JOHANSON, JJ.
NOTES
[1] Although the legislature has amended RCW 9.94A.030 several times since the dates of Cooper's offenses on July 19, 2009, and October 8, 2009, these amendments are not relevant to the issues before us in this appeal. See former RCW 9.94A.030(12) (2008); former RCW 9.94A.030(9) (2009). Accordingly, we cite the current version of the statute throughout.
[2] CP at 42.
[3] CP at 52.
[4] CP at 42, 52.
[5] Citing Castro v. State, 184 S.W.3d 252 (Tex. App.2005), petition for review refused, No. 07-04-0290-CR (Feb. 8, 2006), Cooper argues that Texas appellate courts have recognized "a deferred adjudication is not considered a conviction." Br. of Appellant at 4. Again, we disagree; Castro does not apply here. In Castro, the Texas Court of Appeals addressed whether jeopardy had attached when the trial court initially accepted the defendant's guilty plea in a deferred disposition but then later rejected the plea during the same hearing when it became clear that the defendant was not admitting to having committed the charged offense. Castro, 184 S.W.3d at 255. The Texas Court of Appeals held that (1) the initial guilty plea was not a conviction for double jeopardy purposes because the trial court had later rejected the plea, and (2) the deferred adjudication did "not cause him to suffer a conviction until community supervision is revoked and guilt is adjudicated." Castro, 184 S.W.3d at 256 (citing Jordan v. State, 36 S.W.3d 871, 876, (Tex. Crim.App.2001)). Thus, Castro addresses what is a "conviction" in the factual double jeopardy context of that case.

Castro does not address a specific statutory definition of "conviction" for offender score sentencing purposes under either Texas law or RCW 9.94A.030(9). Similarly, the Texas case on which Castro relied, Jordan, addressed whether deferred adjudications were "convictions" for purposes of determining probation eligibility, not for offender score sentencing purposes under either Texas law or RCW 9.94A.030(9). Jordan, 36 S.W.3d at 875-76. Therefore, in addition to having no precedential value in our state, these Texas cases do not even address the issue before us.
In contrast, however, the Texas criminal code does enlighten the issue before us. It specifically provides that courts may consider deferred adjudications in determining the penalty for a subsequent conviction even if the court has previously dismissed and discharged the deferred adjudication:
[U]pon conviction of a subsequent offense, the fact that the defendant had previously received community supervision with a deferred adjudication of guilt shall be admissible before the court or jury to be considered on the issue of penalty[.]
Tex.Code Crim. Proc. Ann. art. 42.12, § 5(c)(1). The plain language of the Texas sentencing statute contravenes the proposition that Cooper unsuccessfully tries to extract from Castro.