**Affirmed and Memorandum Opinion filed April 17, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00266-CR

### EX PARTE DENNIS JOE PHARRIS

**On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 1295905**

## M E M O R A N D U M   O P I N I O N

In this accelerated appeal,[1] appellant, Dennis Joe Pharris, contends the trial court erred by denying his pre-trial application for writ of habeas corpus. We affirm.

### I. BACKGROUND

Appellant was indicted for separate acts of theft in cause numbers 1031225, 1210228, and 1210229. On April 14, 2010, appellant pleaded guilty in cause number 1031225 pursuant to a plea bargain. The trial court accepted the plea bargain and signed a final judgment. Thereafter, the State continued prosecution in cause numbers 1210228 and 1210229. Appellant filed a pre-trial application for writ of habeas corpus, contending that prosecution of these causes is barred by constitutional prohibitions

---

[1] *See* Tex. R. App. P. 31.2.

against double jeopardy. Specifically, appellant argued jeopardy attached because dismissal of these cause numbers was a specific term of the plea bargain accepted by the trial court. The trial court denied appellant's application.

## II. HABEAS CORPUS: DOUBLE JEOPARDY

### A. Standard of Review and Applicable Law

An applicant for writ of habeas corpus bears the burden of proving his allegations by a preponderance of the evidence. *Ex parte Legrande*, 291 S.W.3d 31, 35 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). We review a trial court's denial of pre-trial habeas corpus relief for abuse of discretion and consider the facts in the light most favorable to the trial court's ruling. *Washington v. State*, 326 S.W.3d 701, 704 (Tex. App.—Houston [1st Dist.] 2010, no pet.). We afford almost total deference to the trial court's factual findings if supported by the record, especially when those findings are based upon an evaluation of credibility and demeanor. *Legrande*, 291 S.W.3d at 35–36.[2] We apply the same deference in reviewing the trial court's application of law to fact questions if resolution of those questions depends upon an evaluation of credibility and demeanor. *Id.* at 36. However, if the outcome of those ultimate questions turns upon application of legal standards, we review de novo the court's determination. *Id.*

The Fifth Amendment to the United States Constitution includes a "Double Jeopardy Clause" which guarantees that a person shall not "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The "Double Jeopardy Clause" prohibits a second prosecution for the same offense after an acquittal or a conviction as well as the imposition of multiple punishments for the same offense. *Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).[3] In a negotiated plea proceeding, jeopardy does not

---

[2] The trial court signed detailed findings of fact and conclusions of law.

[3] Appellant argues the State violated double-jeopardy prohibitions under both the Fifth Amendment and article I, section 14 of the Texas Constitution. However, we consider appellant's double-jeopardy argument as only a federal claim because he does not contend the state provision affords him any greater protection than the federal provision. *See In re R.J.R.*, 281 S.W.3d 43, 50 (Tex. App.—El

attach until the plea bargain is accepted by the trial court because no issue is presented as binding on the parties until that time. *Ortiz v. State*, 933 S.W.2d 102, 106–107 (Tex. Crim. App. 1996) (considering attachment of jeopardy under federal and Texas constitutions); *Castro v. State*, 184 S.W.3d 252, 256 (Tex. App.—Amarillo 2005, pet. ref'd).

## B. Analysis

It is undisputed that on April 14, 2010, appellant pleaded guilty to theft under charge number 1031225 pursuant to a plea bargain offered by the State (the "1031225 plea bargain") and the trial court accepted the 1031225 plea bargain. The crux of appellant's application is whether, under the 1031225 plea bargain, the State also agreed to dismiss cause numbers 1210228 and 1210229 if appellant either (1) admitted on the record that he "used deception to get [victim] to pay $215,000 in cause number 1210228" or (2) paid victim $135,000.

Appellant contends the dismissal agreement regarding cause numbers 1210228 and 1210229 was part of the 1031225 plea bargain and he timely tendered $135,000 to the State, satisfying his responsibility under the agreement.[4] Therefore, appellant argues jeopardy relative to cause numbers 1210228 and 1210229 attached when the trial court accepted the 1031225 plea bargain.

The trial court disagreed, finding as follows: "On April 5, 2010, [the State] sent a fax to [appellant's attorney] containing a plea-bargain offer regarding cause number 1031225. It also contained *a separate plea-bargain offer*[5] for cause numbers 1210228 and 1210229." (emphasis added). We conclude that the evidence supports this finding.

At the hearing on appellant's application, the prosecutor testified that on April 5,

---

Paso 2005, no pet.).

[4] Appellant contends the evidence establishes that he tendered $135,000 to the State and, thus, he is entitled to specific performance of the 1031225 plea bargain, including the purported promise to dismiss cause numbers 1210228 and 1210229. Because of our disposition, we need not consider this issue.

[5] *See* footnote 8, *infra*.

2010, she faxed appellant's attorney a plea-bargain agreement with two parts.[6]  First, in exchange for appellant's guilty plea in cause number 1031225, the State would reduce the charged offense from a first-degree felony to a second-degree felony and recommend punishment as "time served" and payment of $13.9 million in restitution; the State afforded appellant until April 8, 2010 to accept this offer.  Second, the State would dismiss cause numbers 1210228 and 1210229[7] if appellant either (1) admitted on the record that he "used deception to get [victim] to pay $215,000 in cause number 1210228" or (2) paid victim $135,000; the State afforded appellant until May 15, 2010 to accept this offer.  Despite the fact that separate acceptance dates applied to each of the State's offers, appellant contends the prosecutor admitted a single plea bargain existed because she described the offers as a "plea bargain agreement" with two parts.  However, the prosecutor clarified she made two separate offers by testifying that the offer pertaining to cause numbers 1210228 and 1210229 was not "rolled into" the plea bargain pertaining to cause number 1031225.

Appellant's attorney testified that he and appellant agreed to the 1031225 plea bargain because they both believed, based on discussions with the prosecutor, dismissal of cause numbers 1210228 and 1210229 was a term of the bargain.  Nevertheless, appellant's attorney agreed the State's faxed offer did not include language indicating that "the State will dismiss 1210228 and 229 if [appellant] were to plead on 1031225."

Additionally, the actual plea-bargain agreement signed by appellant and his attorney, the State, and the trial court contains the terms of the 1031225 plea bargain as described by the prosecutor.  There is no language in the agreement pertaining to the dismissal of cause numbers 1210228 or 1210229.  At the April 14, 2010 hearing, the trial court asked appellant and his attorney whether they agreed to the terms in the agreement; both responded affirmatively.

---

[6] *See* footnote 8, *infra*.

[7] As part of this second offer, the State also agreed to dismiss cause number 0991356.  This cause has since been dismissed.

Appellant argues certain evidence establishes that the State offered a single plea bargain which included dismissal of cause numbers 1210228 and 1210229. During the April 14, 2010 hearing, the prosecutor stated, "[N]o new charges are being anticipated in anything dealing with the *cases* [appellant] has pled on, nor on cases that the State is anticipating dismissing." (emphasis added). Appellant contends the prosecutor's averment that appellant has "pled on" *cases* referred to cause numbers 1031225, 1210228, and 1210229. However, it was within the trial court's purview to find that the prosecutor misspoke and reconcile any inconsistencies in the evidence.

Additionally, during the same hearing after the trial court accepted the 1031225 plea bargain, the following exchange occurred:

> [Trial Court:] Mr. Pharris, I just pray that nothing happens between now and the 15th.
>
> [Defendant:] Really, so do I.
>
> [Trial Court:] So we can end this and end our very exciting relationship at this point.

Appellant argues these statements prove that the trial court intended for the plea bargain to dispose of all cause numbers pending against appellant. We disagree. The trial court simply could have been expressing its desire for appellant to comply with the terms of the dismissal offer.

Finally, appellant notes that during the same hearing, his counsel explained, "That on the plea offer [the prosecutor] made to us, there was an A and a B. We haven't decided which one we are going to avail ourselves to." According to appellant, the State obviously understood that a single plea offer with two parts existed because the State failed to object or clarify its plea bargain after appellant's counsel made this statement. However, from the context, it is clear appellant's counsel was referring to appellant's two options for obtaining dismissal of cause numbers 1210228 or 1210229, i.e., appellant could either (1) state he used deception or (2) pay the victim $135,000. Thus, the State had no need to object to or clarify counsel's statement.

5

Accordingly, the evidence supports the trial court's finding that two separate offers existed: one pertaining to cause number 1031225, and another pertaining to cause numbers 1210228 or 1210229. Hence, jeopardy did not attach regarding cause numbers 1210228 or 1210229 when the trial court accepted the 1031225 plea bargain. *See Ortiz*, 933 S.W.2d at 106–07.[8]

Finally, for the first time on appeal, appellant argues jeopardy attached in cause numbers 1210228 or 1210229 because he admitted his guilt regarding those offenses, and the trial court considered them when determining punishment for cause number 1031225. A defendant is permitted to admit guilt regarding an unadjudicated offense and request the trial court to consider the offense when determining punishment for an adjudicated offense. Tex. Penal Code Ann. § 12.45(a), (b) (West 2011). The State is barred from prosecuting an unadjudicated offense that the trial court lawfully considered when determining punishment for an adjudicated offense. *Id.* § 12.45(c).

We have concluded the record supports the trial court's finding that the 1031225 plea bargain was separate from the dismissal offer pertaining to cause numbers 1210228 or 1210229. The trial court accepted the 1031225 plea bargain, including the recommended punishment. The record does not demonstrate that the trial court also considered cause numbers 1210228 or 1210229 when approving the recommended punishment. Accordingly, assuming we may consider this argument for the first time on appeal, we hold appellant has not established that section 12.45 applies.

---

[8] We recognize the trial court found, and the prosecutor testified, that two separate *plea-bargain offers* were made. Technically, the State's offer concerning cause numbers 1210228 and 1210229 was not a plea-bargain offer because the State's offer to dismiss these causes was not contingent upon appellant's pleading guilty or nolo contendere. *See Dorsey v. State*, 55 S.W.3d 227, 232–33 (Tex. App.—Corpus Christi 2001, no pet.) (concluding agreement was not a plea-bargain agreement because prosecutor's punishment recommendation was not contingent upon defendant's plea). Instead, the State simply offered to dismiss these causes if appellant performed one of two options. *See* Tex. Code Crim. Proc. Ann. art. 32.02 (West 2006) ("Dismissal by state's attorney"); *cf. also Smith v. State*, 70 S.W.3d 848, 850–55 (Tex. Crim. App. 2002) (determining level of knowledge trial court must have regarding specifics of immunity agreement when court dismisses case pursuant to immunity agreement). This discrepancy is immaterial because it does not affect whether jeopardy attached in cause numbers 1210228 and 1210229; regardless of what the State's second offer is denominated, it was not part of the plea bargain accepted by the trial court.

We overrule appellant's sole issue and affirm the trial court's denial of appellant's pre-trial application for writ of habeas corpus.

/s/    Charles W. Seymore
        Justice

Panel consists of Justices Frost, Seymore, and Jamison.

Do Not Publish — Tex. R. App. P. 47.2(b).