894

[No. 66464-6-I. Division One. June 25, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. RAYMOND G. HEATH, *Appellant*.

*Susan F. Wilk* and *Gregory C. Link* (of *Washington Appellate Project*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Deborah A. Dwyer, Deputy*, for respondent.

¶1 BECKER, J. — Is a "nolo contendere" plea followed by a "withheld adjudication" of guilt in Florida a "conviction" under Washington law for sentencing purposes? We answer yes and affirm.

¶2 Raymond Heath was convicted of second degree assault and fourth degree assault. The parties disagreed

about whether Heath's two Florida offenses counted as prior convictions for the purpose of determining his offender score at sentencing.

¶3 Heath was charged in Florida with two counts of possession of cocaine in two different incidents in 2002. For each charge, Heath entered a plea of nolo contendere, or no contest. The Florida court accepted the pleas. To dispose of the two charges, the Florida court checked a box indicating adjudication would be withheld. The court imposed a sentence of two years' probation with standard conditions and some costs.

¶4 The State introduced copies of documents from the Florida cases. The plea forms are entitled "PLEA OF GUILTY OR NO CONTEST TO CRIMINAL CHARGES IN CIRCUIT COURT." Heath signed the pleas, indicating that he understood the plea of no contest was "a plea of convenience" and that he was giving up all the rights one usually gives up when pleading guilty. He understood "that if I have any felony convictions in the future, what happens today will be a factor in determining my punishment for that felony." Heath's pleas also acknowledged his understanding that the maximum penalty was a prison sentence and that if the court accepted his plea, his sentence would be 24 months of drug offender probation.

¶5 The State called a Florida prosecutor to testify by telephone about Florida law. Consistent with the prosecutor's testimony, the trial court entered two findings of fact that Heath challenges on appeal. The court found, "In Florida law, there is no difference in terms of conviction status between a plea of guilty and a plea of no contest." The court further found that a "withhold adjudication" counts as a conviction for scoring of prior convictions under Florida law and that its only significance is that an offender need not disclose it as a conviction on most job applications:

When a person in Florida is sentenced to "withhold adjudication", the crime still counts as a conviction for criminal "scor-

ing" of prior convictions under Florida law. It also counts as a conviction for criminal "scoring" of prior convictions under federal law. It is not a deferred sentence in that no deferral is ever "revoked", even if there are subsequent probation violations for which the defendant is sanctioned. If a defendant applies for law enforcement work or work as a teacher, he or she must disclose these convictions. However, they need not be disclosed for other job applications under Florida law.

¶6 The court concluded that the two Florida dispositions would count as convictions in Washington for the purpose of determining Heath's offender score:

The Florida plea of "no contest" is functionally equivalent to the Washington *Alford* plea.[1] Furthermore, Florida appears to have followed all applicable Constitutional safeguards including making sure the defendant understood the meaning of his two no contest pleas, their consequences, and the Constitutional rights he gave up by entering such pleas (including the right to a trial by judge or judge and jury). The court found that there was a factual basis for both charges. Finally, Florida procedure requires that the defendant stipulate to such a basis for a no contest plea to be accepted. Thus, a no contest plea in Florida does create a conviction that the State of Washington must recognize.

The Florida sentence of "withhold adjudication" is a grant of leniency allowing certain convictions to be withheld from potential employers. However, such a sentence does not negate the existence of the conviction created by a no contest or guilty plea. Thus, a felony conviction in Florida where a defendant is sentenced to "withhold adjudication" counts towards a person's felony "score" in Washington, assuming all other necessary conditions are met.

The defendant's two convictions for Possession of Cocaine from Florida do count towards his Washington offender score, along with the stipulated Washington conviction for Possession of Stolen Vehicle, giving the defendant a "score" of "3" and a

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

standard range of 13-17 months on his Assault in the Second Degree current conviction.

¶7 Heath appeals, contending that the Florida offenses are not "convictions" under Washington law and should not have been included in his offender score.

¶8 The trial court's calculation of an offender score is reviewed de novo on appeal. *State v. Mutch*, 171 Wn.2d 646, 653, 254 P.3d 803 (2011). Prior convictions are used to calculate a person's offender score. *See* RCW 9.94A.525. Out-of-state convictions for offenses are to be "classified according to the comparable offense definitions and sentences provided by Washington law." RCW 9.94A.525(3).

¶9 Under the Sentencing Reform Act of 1981, "conviction" means "an adjudication of guilt pursuant to Title 10 or 13 RCW and includes a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty." RCW 9.94A.030(9).

¶10 A plea of no contest is not recognized under Washington law. *See* CrR 4.2(a): "A defendant may plead not guilty, not guilty by reason of insanity, or guilty." The State of Florida, by contrast, allows a defendant to plead no contest if the court consents. Fla. R. Crim. P. 3.170(a): "A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere." And in Florida, a statute gives the court discretion either to "adjudge the defendant to be guilty or stay and withhold the adjudication of guilt." Fla. Stat. § 948.01(2).[2]

---

[2] This section of the statute reads:

If it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt. In either case, the court shall stay and withhold the imposition of sentence upon the defendant and shall place a felony defendant upon probation. If the defendant is found guilty of a nonfelony offense as the result of a trial or entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld, the court may place the defendant on probation. In addition to court costs and fees and notwithstanding any law to the contrary,

¶11 The State contends a plea of no contest in Florida is the functional equivalent of a guilty plea and should be treated as such in Washington. Florida law defines "conviction" as "a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld." FLA. STAT. § 921.0021(2). The Florida Supreme Court has held that a no contest plea, "even though adjudication was withheld, should be considered a prior conviction for sentencing purposes." *Montgomery v. State*, 897 So. 2d 1282, 1286 (Fla. 2005). The Florida courts view a plea of no contest the same as a guilty plea for sentencing purposes because the Florida statute does not distinguish between the two types of pleas. *Montgomery*, 897 So. 2d at 1286.

¶12 Heath maintains that even though Florida would count his offenses as convictions for sentencing purposes, Washington cannot do the same because the Washington statute defines a conviction as an "adjudication of guilt" which can include "a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty." RCW 9.94A.030(9). Heath points out that a plea of no contest does not admit guilt and he argues that a Florida sentence where adjudication was withheld cannot, by its plain meaning, be deemed an "adjudication of guilt." In his view, neither a plea of no contest nor a withheld adjudication is within the plain meaning of Washington's statutory definition of "conviction."

¶13 Our Supreme Court rejected a similar argument in *State v. Morley*, 134 Wn.2d 588, 952 P.2d 167 (1998). There, the question was whether a court-martial qualified as a conviction under the Sentencing Reform Act even though the adjudication of guilty was not "pursuant to Title 10," as is literally required by the definition of "conviction" in RCW

---

the court may impose a fine authorized by law if the offender is a nonfelony offender who is not placed on probation. However, a defendant who is placed on probation for a misdemeanor may not be placed under the supervision of the department unless the circuit court was the court of original jurisdiction. FLA. STAT. § 948.01(2).

9.94A.030(9). The court held that it was appropriate to consider the act's definitions in context:

> Our refusal to apply the definition of "conviction" to out-of-state cases does not ignore the Legislature's statutory directives. The Legislature declared the statutory definitions in RCW 9.94A.030 should not be blindly applied: *"Unless the context clearly requires otherwise,* the definitions in this section apply throughout this chapter." RCW 9.94A.030 (emphasis added). The Legislature's expressed desire for out-of-state convictions to be considered under the SRA [Sentencing Reform Act] requires us to ignore the reference in RCW 9.94A.030(9) to Title 10 RCW. The reference to Title 10 only makes sense within the context of *in-state* convictions. The application of Title 10 to out-of-state convictions would effectively result in all out-of-state convictions being excluded from consideration under the SRA.

*Morley,* 134 Wn.2d at 598.

¶14 Examination of statutory context is entirely appropriate in determining the "plain meaning" of a statute. *Dep't of Ecology v. Campbell & Gwinn, LLC,* 146 Wn.2d 1, 11-12, 43 P.3d 4 (2002). We conclude, similar to *Morley,* that the statutory definition of the term "conviction" should not be blindly applied to exclude a Florida no contest plea followed by a withheld adjudication. To do so would frustrate the obvious legislative intent to count out-of-state dispositions of criminal charges that are genuinely comparable to Washington convictions even though obtained by slightly different procedures. *Morley,* 134 Wn.2d at 597.

¶15 In Florida, the consequence of a no contest plea is the same as a guilty plea in that the defendant gives up the same constitutional rights, including the right to a trial. Because Heath's no contest pleas are functionally the same as guilty pleas, Washington must count them as convictions, just as Florida does. Even when followed by a withhold of adjudication, they meet the Washington definition of a

"conviction." *See State v. Cooper*, 164 Wn. App. 407, 263 P.3d 1283 (2011) (counting two Texas "deferred adjudications" as "convictions" under Washington law), *review granted*, 173 Wn.2d 1023 (2012). A Florida plea of no contest is comparable to a Washington conviction.

¶16 The trial court correctly concluded that a sentence of "withhold adjudication" does not negate the existence of a conviction created by a no contest or guilty plea. Heath's Florida pleas of no contest were properly included in his offender score as prior convictions.

¶17 Affirmed.

LEACH, C.J., and LAU, J., concur.

Review denied at 177 Wn.2d 1008 (2013).

to permit the names of cases disposed of by unpublished opinions to be printed in the advance sheets of the Washington Appellate Reports with permanent page numbers.