**Jerry Lynn WILLIAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–92–338–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 25, 1993.

---

**3.** U.S. cert. denied 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986).

John H. Hagler, Dallas, for appellant.

John C. Vance, Crim. Dist. Atty., Michael J. Sandlin, Asst. Dist. Atty., Dallas, Robert Huttash, State Pros. Atty., Austin, for State.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

Appellant was charged with theft of property with a value of less than $750. The offense was enhanced to a third-degree felony. *See* TEX.PENAL CODE ANN. § 31.-03(e)(4)(E) (Vernon 1989). Upon appellant's plea of guilty and true to the habitual felony offender paragraphs alleging prior convictions for robbery and forgery, the trial court entered judgment and later sentenced appellant to twenty five years in prison. By a single point of error, appellant complains that his guilty plea was not intelligently and voluntarily entered. We affirm the trial court's judgment.

Appellant pleaded guilty pursuant to a plea bargain agreement. The agreement states that the recommendation on punishment was "open." Appellant claims that he entered his guilty plea only because he expected to get a probated sentence and drug treatment. During the plea hearing, appellant stated that he had been using drugs such as heroin and cocaine for fifteen years. He said he committed the charged offense because of his drug addiction. Appellant wanted to enter Cenikor, a drug treatment program. He wished to be placed on probation, and if admitted to the Cenikor program, he would abide by all conditions of probation. At the punishment hearing some ten days later, the trial court noted that Cenikor had not accepted appellant. The court then assessed punishment at twenty-five years. Appellant now states that he would not have pleaded guilty had he known he would not receive probation and drug treatment. More specifically, he complains that he would not have pleaded guilty without some assurance that he would receive a probated sentence.

The trial court may not accept a guilty plea unless it appears that the defendant is mentally competent and the plea is free and voluntary. TEX.CODE CRIM.PROC. Ann. art. 26.13(b) (Vernon 1989). The standard regarding voluntariness of a plea is defined as a plea made by "one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel." *Ex parte Griffin,* 679 S.W.2d 15, 17 (Tex. Crim.App.1984). At the plea hearing, the trial court personally addressed appellant and asked him if he was pleading freely and voluntarily. Appellant answered affirmatively. Further, after inquiring if appellant had ever been to a mental hospital and receiving a negative answer, the court found appellant competent. The record shows that the trial court substantially complied with the article 26.13 admonishments at the plea hearing. Appellant answered each question affirmatively, indicating that he understood the indictment and the range of punishment for the charged offense—including enhancement. Specifically, the court asked appellant if he understood that there was no plea bargain and that the court would set punishment somewhere within the range indicated. Appellant answered in the affirmative, and further answered that he still wished to plead guilty to the charge and true to the enhancements. Such admonishments were

also given in writing and appear in appellant's plea papers.

The State entered Exhibit One, which is appellant's signed, written confession and stipulation of evidence. Exhibit Two was appellant's signed, written plea of guilty and true. These documents expressly state that appellant's plea was made "freely and voluntarily," as well as "voluntarily, knowingly, and intelligently." Appellant affirmatively stated the same to the trial court upon inquiry. Defense counsel asked appellant if he understood that the court was making no promises concerning the drug treatment option on punishment. Appellant answered that he did. Appellant understood that he had not been accepted by Cenikor at that point, but that he would have to contact them personally and ask to be considered for their program. On cross-examination, appellant admitted that he had been to the penitentiary four times. The trial court then interjected that Cenikor would probably not accept appellant. The court then accepted the guilty plea, found the evidence sufficient to prove guilt and to prove the enhancements true, and then recessed the hearing.

There is no indication in the record that appellant relied upon any kind of promise of probation before entering his guilty plea and his pleas of true. In fact, the trial judge never mentioned probation and is not required to admonish a defendant on the possibility thereof. *Ex parte Williams*, 704 S.W.2d 773, 775 (Tex.Crim.App.1986); *Harrison v. State*, 688 S.W.2d 497, 499 (Tex.Crim.App.1985).

We find that appellant's plea was freely, voluntarily, and intelligently entered. The record shows no indication that he was coerced or manipulated by a false promise of probation and drug treatment. The trial court did not err in accepting the plea, pronouncing judgment, and sentencing thereon.

The judgment of the trial court is AFFIRMED.