ACCEPTED
13-15-00155-cr
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
12/4/2015 2:45:34 PM
Dorian E. Ramirez
CLERK

NO. 13-15-00155-CR

IN THE

COURT OF APPEALS FOR THE

THIRTEENTH SUPREME JUDICIAL DISTRICT

CORPUS CHRISTI, TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
12/4/2015 2:45:34 PM
DORIAN E. RAMIREZ
Clerk

**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

12/04/2015

**DORIAN E. RAMIREZ, CLERK**
**BY** smata

_____

FRED NICOLAS GONZALEZ,

APPELLANT,

VS.

THE STATE OF TEXAS,

APPELLEE

_____

ON APPEAL FROM THE
206TH JUDICIAL DISTRICT COURT
EDINBURG, HIDALGO COUNTY, TEXAS
IN TRIAL COURT CAUSE NO. CR-3982-14-D

_____

APPELLANT'S BRIEF

FILED UNDER THE AUTHORITY OF ANDERS V. CALIFORNIA,
97 S.CT. 1396 (1967)

_____

ALFREDO MORALES, JR.
ATTORNEY AT LAW
P.O. BOX 52942
MCALLEN, TX  78505-2942
(956) 536-8800 BUS
(956) 381-4269 FAX
EMAIL: amjr700@gmail.com
SBOT NO. 14417290
APPELLANT'S COUNSEL

ORAL ARGUMENT WAIVED

IDENTITY OF PARTIES AND COUNSEL

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case.  These representations are made so that the justices of this honorable court may properly evaluate said information to determine the existence of any reason which would require their disqualification and/or recusal from the case at bar.

A.  PARTIES

    Appellant:                     Fred Nicolas Gonzalez

    Appellee:                      The State of Texas

B.  COUNSEL ON APPEAL

    For Appellant:             Alfredo Morales, Jr.
                              Attorney at Law
                              P. O. Box 52942
                              McAllen, TX  78505-2942

    For Appellee:              Theodore Hake
                              Assistant District Attorney
                              Appellate Division
                              Hidalgo County Courthouse
                              100 N. Closner
                              Edinburg, TX  78539

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . iii - iv

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . 1

APPELLANT'S POINTS OF ERROR . . . . . . . . . . . . . . 1 - 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . 2 - 3

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . 3

ARGUMENTS AND AUTHORITIES TO SUPPORT
COUNSEL'S ASSESSMENT OF NO APPEALABLE ISSUES . . . 4 - 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . 9 - 10

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . 11

TABLE OF AUTHORITIES

STATUTES

TEX CODE OF CRIMINAL PROCEDURE, ART. 26.13 . . 2, 5

CASES

UNITED STATES SUPREME COURT

Anders v. California,
87 S. Ct. 1396 (1967) . . . . . . . . . 4, 8

Douglas v. California,
83 S. Ct. 814 (1963) . . . . . . . . . . . 8

Penson v. Ohio,
109 S. Ct. 346 (1988) . . . . . . . . . . . 8

TEXAS COURT OF CRIMINAL APPEALS

Ex Parte Morrow,
952 S.W.2d 530 (Tex. Crim. App. 1997) . . . . 8

Fuller v. State,
253 S.W.3d 220 (Tex. Crim. App. 2008) . . . 5

Gonzalez v. State,
313 S.W.3d 840 (Tex. Crim. App. 2010) . . . 5

Harris v. State,
656 S.W.2d 481 (Tex. Crim. App. 1983) . . 7

In Re Schulman,
252 S.W.3d 403 (Tex. Crim. App. 2008) . . . . 8

Jones v. State,
98 S.W.3d 700 (Tex. Crim. App. 2003) . . . . 9

Mitchell v. State,
68 S.W.3d 640 (Tex. Crim. App. 2002) . . . 6

Stafford v. State,
813 S.W.2d 503 (Tex. Crim. App. 1991) . . 4, 8

iii

TEXAS COURTS OF APPEAL

Arista v. State,
    2 S.W.3d 444 (Tex. App. – San Antonio
    1999 . . . . . . . . . . . . . . . . . . . 5

Carroll v. State,
    176 S.W.3d 249 (Tex. App. – Houston [1st
    Dist.] 2004) . . . . . . . . . . . . . . . 5

Hodges v. State,
    116 S.W.3d 289 (Tex. App. – Corpus Christi
    2003) . . . . . . . . . . . . . . . . . . . 6

Lockett v. State,
    394 S.W. 577 (Tex. App. – Dallas 2012) . . 5

Ortiz v. State,
    849 S.W.2d 921 (Tex. App. – Corpus
    Christi 1993) . . . . . . . . . . . . . . . 4

Staggs v. State,
    314 S.W.3d 155 (Tex. App. – Houston [14th
    Dist.] 2010 . . . . . . . . . . . . . . . . 6

Williams v. State,
    848 S.W.2d 906 (Tex. App. – Corpus Christi
    1993) . . . . . . . . . . . . . . . . . . . 6

STATEMENT OF THE CASE

Appellant Fred Nicolas Gonzalez was charged by indictment with the offense of failure to comply with sex offender registration. (CR. Vol. 1, p. 5).

On January 30, 2015, Appellant pled guilty to the offense as charged in the indictment and requested that a pre-sentence (PSI) report be submitted for the trial court's consideration at the punishment phase of the guilty plea proceedings. (RR. Vol. 5, pp. 5 – 37).

On March 16, 2015, the trial court conducted the punishment hearing in the case and, after the presentation of evidence and arguments by State's and Appellant's respective counsel, including a request from the Appellant for leniency, the trial court assessed punishment for the charged offense at 10 years confinement in the Texas Department of Criminal Justice. (RR. Vol. 7, pp. 4 – 10).

Appellant then timely filed his notice of appeal with the trial court. (CR. Vol. 1, p. 86).

APPELLANT'S POINTS OF ERROR

The undersigned court-appointed counsel for Appellant has made a determination, based on his complete review, study, and analysis of the entire appellate record and pertinent case law, that Appellant's present appeal

1

contains no potential errors for the appellate court's consideration and review and, accordingly, files this no-merits brief, on behalf of the Appellant, under the authority of Anders v. California, 87 S.Ct. 1396 (1967).

STATEMENT OF FACTS

Appellant's guilty plea hearing was held on January 30, 2015. In accordance with Art. 26.13, the trial court, prior to accepting the his guilty plea, confirmed Appellant's mental competence, and then admonished him on all of the following: nature and classification of the offense; range of punishment; immigration consequences; sex offender registration; terms and conditions of the plea agreement; waiver of jury and other constitutional rights; discovery compliance and waivers; acceptance of plea agreement; and, notification of his right to appeal.

Appellant also stipulated to the trial court's venue and jurisdiction, and to the underlying facts of the case and all of the other evidence (in the form of police reports, witness statements, and other exhibits) to substantiate his guilty plea.

Additionally, the trial court accepted, as evidence, the State's and Appellant's agreement on the determination of Appellant's competence, in which two psychological

2

reports submitted by two independent psychologist confirmed his mental competence to stand trial, and were attached as exhibits to the Appellant's plea documents.

After concluding that the Appellant had entered his guilty plea knowingly and voluntarily, the trial court advised Appellant it would accept his guilty plea, and accordingly, found the Appellant guilty of the charged offense. The trial court then set the matter for a separate punishment hearing, given that the Appellant had requested the preparation of a PSI report. (RR. Vol. 5, 5- 33).

At Appellant's punishment hearing, the trial court, after giving due regard to the PSI report, and hearing arguments from State's and Appellant's counsel, together with Appellant's plea for leniency, imposed punishment at 10 years confinement in the Texas Department of Criminal Justice. (RR. Vol. 7, pp. 4 – 10).

## SUMMARY OF THE ARGUMENT

After a thorough and careful examination of the appellate record in this cause, together with all of the exhibits, it is Appellant's counsel's professional opinion and conclusion that the Appellant's appeal contains no potential reversible errors, is unmeritorious, and does not

3

warrant appellate review.

ARGUMENT AND AUTHORITIES TO SUPPORT COUNSEL'S
ASSESMENT OF NO APPEALABLE ISSUES

The undersigned court-appointed counsel for Appellant has conducted a thorough and careful review of the Clerk's Record, the Reporter's Record, and all of the accompanying exhibits in this cause to determine the viability of any potential error for appellate review. Based on counsel's evaluation and assessment of the entire appellate record, he is of the opinion that the Appellant's case herein presents no legal issue to support a meritorious appeal before this honorable court. Nonetheless, mindful of the Court of Criminal Appeals' (and this court's ) decisions interpreting the United States Supreme Court's opinion in Anders v. California, 87 S.Ct. 1396 (1967) – namely, Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991) and Ortiz v. State, 849 S.W.2d 921 (Tex. App. – Corpus Christi 1993), he would submit that the following subject matter areas, which specifically apply in the context of guilty plea proceedings, were identified, explored, and researched for any potential colorable claims for possible appellate review:  1) PLEA ADMONISHMENTS: based on the appellate record on file with the court, the

4

trial court substantially complied with all of the requirements set forth in Art. 26.13 of the Texas Code of Criminal Procedure. Fuller v. State, 253 S.W.3d 220 (Tex. Crim. 2008); Lockett v. State, 394 S.W.3d 577 (Tex. App. – Dallas 2012); 2) APPELLANT'S MENTAL COMPETENCE:  Appellant was found mentally competent by two psychologists who examined him for purposes of the guilty plea hearing. Accordingly, the record supported his mental competency to enter a guilty plea in this cause.  Gonzalez v. State, 313 S.W.3d 840 (Tex. Crim. App. 2010); Arista v. State, 2 S.W.3d 444 (Tex. App. – San Antonio 1999); 3) APPELLANT'S REQUEST FOR CHANGE OF COURT-APPOINTED COUNSEL:  The trial court did not err in refusing to change counsel. a defendant is not entitled to his choice of appointed counsel.  Carroll v. State, 176 S.W.3d 249 (Tex. App. – Houston [1st Dist.] 2004); 4) TRIAL COURT CONSIDERED PSI REPORT:  Appellant contended that the trial court failed to consider the PSI report prior to imposing the sentence. the record demonstrates that the trial court, in fact, read and considered the report (RR. Vol. 7, p. 5), even though the statute does not specifically require that it do so before assessing its sentence. Wright v. State, 873 S.W.3d 77 (Tex. App. – Dallas 1994); 5) GUILTY PLEA

5

SUBSTANTIATION: The evidence presented at the plea hearing, including the Appellant's judicial confession and stipulations, were legally sufficient to substantiate the Appellant's guilty plea. Hodges v. State, 116 S.W.3d 289 (Tex. App. – Corpus Christi 2003); Staggs v. State, 314 S.W.3d 155 (Tex. App. – Houston [1st Dist.] 2010); 6) APPELLANT NOT PROMISED PROBATION: The Appellant contended his court-appointed lawyer promised him probation if he pled guilty and requested a PSI report. The appellate record shows otherwise; the lawyer made it clear at the hearing that the court was free to consider probation, but was not required to do so, and that Appellant understood as much. (RR. Vol. 7, pp. 6 – 7). Accordingly, plea was entered knowingly and voluntarily, even though he was under the impression he was going to receive probation. Williams v. State, 848 S.W.2d 906 (Tex. App. – Corpus Christi 1993); Assuming, arguendo, that his lawyer gave him erroneous advice regarding his guilty plea, such issue is best reserved for review through a habeas corpus proceeding. Mitchell v. State, 68 S.W.3d 640 (Tex. Crim. App. 2002). 7) SENTENCE IMPOSED CONSTITUTIONAL: The Appellant alleged that since the offense to which he pled guilty is a "small crime" that the punishment imposed was

6

far too harsh and not proportional.  The offense to which Appellant pled guilty is a second degree felony, punishable by a sentence ranging from 2 to 20 years.  Therefore, the sentence of 10 years imposed by the trial court is within the applicable range of punishment for a second degree felony and is, accordingly, appropriate and constitutional.  Harris v. State, 656 S.W.2d 481 (Tex. Crim. App. 1983).

After a careful review and examination of all these cited areas and the corresponding appellate record, the undersigned counsel believes, in his professional opinion, that no arguable points of error for appellate review exit.

The record in this case unequivocally reflects and demonstrates that the Appellant was not only fully aware of the consequences of his guilty plea, but that his plea was knowingly, intelligently, and voluntarily made in accordance with the United States and Texas Constitutions and the Texas Code of Criminal Procedure.  Accordingly, having been properly admonished by the trial court regarding his constitutional and statutory rights, and counsel finding no reversible errors in the plea proceeding, Appellant's guilty plea must stand.  Ex Parte

7

Morrow, 952 S.W.2d 530 (Tex. Crim. App. 1997).

COURT-APPOINTED COUNSEL IS NOT ALLOWED TO URGE
UNMERITORIOUS APPEALS

While an appellant has a right to the appointment of counsel in a direct appeal when such is provide by statue, as in the instant case, Douglas v. California, 83 S.Ct. 814 (1963), and it is the appellate attorney's duty to zealously represent the interests of the Appellant on appeal, In Re Schulman, 252 S.W.3d 403 (Tex. Crim. App. 2008), an appointed appellate lawyer is not permitted to present frivolous and unmeritorious claims in the appeals courts.  Penson v. Ohio, 109 S.C.t 346 (1988); McCoy v. Wisconsin, 108 S.Ct. 1895 (1988).  Accordingly, if, after a conscientious examination of the appellate record, court-appointed counsel finds that an appeal is frivolous and unmeritorious he is duty-bound to advise the appellate court accordingly, file a "no-merits' brief with the court, along with a motion to withdraw from the appeal. Anders v. California, supra; Stafford v. State, supra.

Following that rule of law, then, counsel for Appellant herein, would represent to this court, as an officer of this court, that he has carefully examined and studied the record for any arguable appellate issues; that

8

he has made reference to the record, stating the reasons why the Appellant's appeal has no merit and supporting his conclusions with applicable case law; and that, in his professional judgment, there exists no issue which would warrant appellate review from this court in this particular case.

Moreover, in accordance with the procedure approved by the Texas Court of Criminal Appeals, and adopted by this honorable court, the undersigned appellate counsel will advise the Appellant of his conclusion that his (Appellant's) appeal presents no arguable issues for appellate review; provide him with a copy of the Anders brief filed in this cause with this court; and, inform him of his right to personally examine the record and file a pro se brief, if he so desires. Jones v. State, 98 S.W.3d 700 (Tex. Crim. App. 2003).

CONCLUSION

The state of the appellate record demonstrates that the Appellant entered his guilty plea to the offense of failure to comply with sex offender registration knowingly, intelligently, and voluntarily.

Therefore, consistent with the Anders requirement, although several areas and issues were analyzed and

9

researched for potential reversible errors, after a careful and comprehensive review of the entire record, the undersigned counsel concludes that there are no points of error which could arguably support an appeal in the instant case.

PRAYER

Wherefore, the undersigned counsel requests that this court review the Appellant's Brief he has submitted in this cause to ensure that it complies with the Anders requirements; that it conduct an independent examination of the appellate record; that it resolve and dispose of the appeal in a manner that is consistent with the law; and, that it allow counsel to withdraw from the appeal.

Respectfully Submitted,

Alfredo Morales, Jr.
Attorney at Law
P. O. Box 52942
McAllen, TX  78505
(956) 536-8800 BUS
(956) 381-4269 FAX
Email:  amjr700@gmail.com

/S/ Alfredo Morales, Jr.
_____
  ALFREDO MORALES, JR.
 STATE BAR NO. 14417290

CERTIFICATE OF SERVICE

I, Alfredo Morales, Jr., hereby certify that a true and correct copy of the foregoing Appellant's Anders Brief was mailed or hand-delivered to the Hon. Ted Hake, ADA, Chief, Appellate Division, Hidalgo County District Attorney's Office, Hidalgo County Courthouse, 100 N. Closner, Edinburg, Texas 78539, on this the 4th day of December 2015.

/S/ Alfredo Morales, Jr.
_____
ALFREDO MORALES, JR.


CERTIFICATE OF COMPLIANCE

I, Alfredo Morales, Jr., certify that the Appellant's Brief filed in this cause complies with the word limitation imposed under Rule 9.4(2)(B) of the Texas Rules of Appellate Procedure. Appellant's counsel would represent that, relying on the computer-generated program figure, the total number of words contained in the brief is 2745 words.

/S/ Alfredo Morales, Jr.
_____
ALFREDO MORALES, JR.

11